THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BYZON, Plaintiff in Error.

*Opinion filed April 22, 1915.*

CRIMINAL LAW—*when court should set aside a judgment and sentence and allow plea of not guilty.* A judgment and sentence on a plea of guilty should be set aside and a plea of not guilty be received where it appears the prisoner, being a young man and a first offender, plead guilty in reliance upon the statement of the police officer who arrested him that if he plead guilty he would be released on probation; and this is true notwithstanding. the court fully advised him as to the consequences of a plea of guilty, as the question of release on probation would not arise until after plea and judgment.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

THOMAS E. SWANSON, and RICHARD J. COONEY, (ELWYN E. LONG, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error and Mike Laverdi were indicted by a grand jury in the criminal court of Cook county. They were charged in the first count with stealing a horse, buggy and harness, the property of John Palisyranos, on October 9, 1914. The second count of the indictment charged the same persons with receiving stolen property. The third count charged the same persons with maliciously taking, driving and using the horse described in the first and second counts without the consent of Palisyranos, under paragraph 204 of the Criminal Code. A similar indictment was returned against the same persons by. the same grand jury and at the same time, in which they were charged with stealing a horse, wagon and harness of Max Messner

on October 7, 1914; and in another indictment they were charged with stealing a horse, wagon and harness of Frank Ryski on September 28, 1914. Plaintiff in error was arraigned on these indictments November 9 following, and plead guilty to each indictment. The court offered to appoint counsel and fully advised him of the effect of such pleas. The plaintiff in error persisted in such pleas, and the court accepted and entered of record his pleas of guilty, heard evidence as to his age, found his age to be eighteen years, adjudged him guilty of horse stealing in each case and sentenced him to the reformatory at Pontiac for an indefinite term on each indictment, not exceeding the maximum term fixed by statute for the offense, the sentences in each case to run concurrently. On November 24, 1914, plaintiff in error appeared by himself and with counsel and made a motion in each case to vacate the sentence and for leave to withdraw the plea of guilty and to enter a plea of not guilty and submit the case to the jury, on the ground that he had entered pleas of guilty under a mistake or misapprehension of the consequences thereof, and that he was not guilty of any felony charged in the indictments. The plaintiff in error filed an affidavit in support of this motion, also the affidavit of Laverdi and that of Palisyranos, the owner of the horse, wagon and harness alleged to have been last stolen. Plaintiff in error in his affidavit stated that he was arrested on the charge set out in the indictments by one McNamara, a police officer of the city of Chicago, on October 7, 1914; that shortly after his arrest, while he was in jail, said police officer informed him that he was a young man and had never been in trouble before; that there was a law, called the Probation law, for first offenders, and that if he would plead guilty to the charge on which he had been arrested, he (said officer) would recommend to the judge that plaintiff in error be placed on probation, and that the judge would accordingly place him on

probation for a year and he would not have to stay in jail, and it would not be necessary for him to have a lawyer. Plaintiff in error further stated that he was not acquainted with court practice and procedure and was not learned in the law; that he relied upon the advice and promises of said officer and did not have counsel until after the conviction, but upon being arraigned plead guilty in the firm belief that, as advised by the said officer, such proceedings would be taken that he would be discharged on probation; that he would not have pleaded guilty if he had had any notion that he was in danger of being punished; that he was not guilty of any felony charged in the indictments, and if permitted he would be able to so prove by competent evidence. He further admitted in his affidavit that he drove away the horse and wagon but not with the intent or for the purpose of permanently depriving the owner of the same but for the sole purpose of conveying away some fruit and vegetables in the wagon; that after driving the horse and wagon three or four blocks he stopped the horse and removed the fruit and vegetables from the wagon and left the horse, wagon and harness mentioned in the indictment on the street, after first hitching the horse along the curb by a drop weight and placing a feed bag upon the horse's head; that the wagon was a peddler's wagon, having a number conspicuously displayed, as required by an ordinance of the city of Chicago, and on the side of the wagon was printed the name of the owner; that he did nothing further with the horse, wagon and harness, and expected that the horse and wagon, and the harness by which the wagon was attached to the horse, would be safely returned to the owner thereof; that he never intended to permanently deprive the owner of the horse, wagon and harness and prevent the property from being regained by the owner. The affidavit of the owner stated that he missed his horse, wagon and harness that had been left standing on West Randolph street, and that he freely

and readily recovered the same about half an hour after-
wards, about ten blocks from where it was taken, in the
immediate vicinity of the place from which it was taken,
and that the horse, wagon and harness were not damaged
in any way. The affidavit of Laverdi corroborates that of
plaintiff in error as to the conversation and promise of the
police officer; that substantially the same conversation was
had with him, and that when his case came up for trial,
the policeman, McNamara, spoke to the State's attorney in
charge of the case and tried to get him to waive the fel-
ony; that the State's attorney replied to the officer that he
(the State's attorney) was handling those cases, and that
plaintiff in error had pleaded guilty to the charge of horse
stealing and had been sentenced to Pontiac, and if Laverdi
insisted upon pleading not guilty he would have to have a
jury trial. No counter-affidavits were filed. The court de-
nied the motion of plaintiff in error and he has sued out a
writ of error in each case to reverse the judgment of the
criminal court of Cook county, assigning as error (1) the
action of the court in overruling the motion of the plain-
tiff in error to vacate the sentence and judgment in each
case and to permit him to withdraw his plea of guilty and
enter a plea of not guilty; and (2) that the judgment of
the court is contrary to law.

As to the last assignment of error, no exception was
taken to the judgment, and the judgment is not shown to
be erroneous in any respect unless such assignment is based
on the entry of the judgment on the plea of guilty and the
refusal of the court to vacate the judgment and sentence
upon the affidavits made. Where a defendant in a crimi-
nal case has pleaded guilty and judgment has been entered
against him on such plea, it is discretionary with the trial
court to vacate such judgment and permit the plea to be
withdrawn. In the case of *Krolage* v. *People,* 224 Ill. 456,
we held that leave to withdraw a plea of guilty should be
granted where the ends of justice will best be served by

permitting a plea of not guilty in its stead, and particularly where the consequences of the plea were not fully explained to the defendant, who claims that he did not understand the same; and in the case of *People* v. *Walker,* 250 Ill. 427, we held that the court should vacate the judgment on a plea of guilty and permit the plea to be withdrawn where it appears that the plea was entered unadvisedly or in consequence of misrepresentation by counsel. In the case at bar plaintiff in error was eighteen years of age, and evidently, as stated in his affidavit, was unacquainted with the law and with the methods of criminal procedure. He was assured by the officer who arrested him that if he would plead guilty to the crime for which he was indicted he would secure his release. He claims that he relied on the promise so made, and at least had reason to believe that the recommendation of such officer would have weight with the State's attorney and the court. The officer who made the promise had arrested him, and plaintiff in error doubtless believed that he was the representative of the law, so that there was reason for the misapprehension which he claims he had when he plead guilty. The representation by the officer may have been made in good faith, and in the case of Laverdi the officer evidently attempted to carry out his promise. Had plaintiff in error stated, when he plead guilty, that he had been promised, and expected, to be released on probation the court would hardly have received his plea of guilty under such circumstances, and when it was made to appear that plaintiff in error plead guilty under a well founded misapprehension of the consequences of such plea, the court should have set the judgment and sentence aside and allowed him to withdraw such plea and plead not guilty.

It is urged on behalf of the People that when the court, as required by statute, fully advised the defendant, on a plea of guilty, of the consequences of such plea, the explanation by the court was sufficient to advise the defend-

ant that any previous representations made to him or any hope he may have entertained of securing leniency by reason of such plea would not avail. While this is true, it is provided by the Probation law, on which plaintiff in error relied, that any defendant who has never been convicted of any crime or misdemeanor, who has entered a plea of guilty or been found guilty by the verdict of a jury or the finding of a court of certain offenses enumerated in the act, and nothing remains to be done by the court except to pronounce sentence, may request the judge who presided at his trial to be admitted to release on probation.

In any way that we look at this case, it is apparent from the record that the plaintiff in error was not sufficiently advised of his rights or the method of procedure to request the court to be admitted to release under the Probation law. Under such circumstances, the fact that the court fully advised plaintiff in error of the consequences of his plea was not enough to remove the misapprehension under which he plead guilty. Even if he understood the law, his right to be released on probation would be after the plea was received and entered and judgment entered against him. He was convicted on his plea of guilty of the crime of horse stealing, which is a felony, and punishable, under our statute, by imprisonment in the penitentiary for not less than three nor more than twenty years. Without expressing any opinion as to whether the acts of the plaintiff in error, as shown by the affidavits, amounted to the crime of larceny of the horse, wagon and harness, he was at least entitled to have his case submitted to a jury on that question. Even if, as claimed on behalf of the People, he was guilty of stealing the fruit and vegetables contained in the wagon, he was not indicted for such crime, and that was no reason for entering a judgment against him for the much more serious crime of horse stealing.

We think the court should have allowed the motion of plaintiff in error to set aside the judgment and sentence

and withdraw his plea of guilty and to plead not guilty, and that it was an abuse of judicial discretion not to do so.

For the reasons given, the judgment of the criminal court of Cook county is reversed and the cause remanded to that court for further proceedings in conformity with the views herein expressed. There will be the same order in each case.

*Reversed and remanded.*