THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE LAVENDOWSKI, Plaintiff in Error.

*Opinion filed June 22, 1927.*

1. CRIMINAL LAW—*general rule as to when defendant should be allowed to withdraw his plea of guilty.* Where a defendant has pleaded guilty and judgment has been entered against him it is discretionary with the court to vacate the judgment and permit the plea to be withdrawn, and where it clearly appears that the defendant pleaded guilty under a well founded misapprehension of the consequences of such plea the court should set aside the judgment and sentence and allow the defendant to withdraw his plea and enter a plea of not guilty.

2. SAME—*when a defendant pleading guilty should be allowed a hearing on motion to withdraw his plea.* A defendant to whom has been explained the consequence of his plea of guilty should not be allowed to withdraw the plea merely because the punishment imposed is heavier than he had supposed it would be, but where, before any action is taken on the plea of guilty, motion is made to withdraw the plea and defendant's counsel offers to introduce evidence in support of the motion, it is an abuse of discretion to deny the motion without hearing evidence thereon. (*People* v. *Kawoleski,* 310 Ill. 498, distinguished.)

WRIT OF ERROR to the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding.

BEN A. STEWART, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, BENJAMIN S. BELL, State's Attorney, VIRGIL L. BLANDING, and DAN H. MCNEAL, (EDWARD L. EAGLE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was charged in an information filed by the State's attorney of Rock Island county with violation of the Illinois Prohibition act. The information consisted of two counts. The first count charged possession of in-

toxicating liquor, and the second count charged the manufacture of the same. A *capias* was issued and plaintiff in error arrested on the day of the filing of the information, and he was on that day brought into court and arraigned and pleaded guilty to each count. It appears he is not familiar with the English language and an interpreter was appointed for him. The record recites that consequences of the plea were fully explained by the court but that defendant persisted in his plea of guilty. The cause was continued until the next day. On coming in of court the next day counsel appeared for plaintiff in error for the first time and an oral motion was made for leave to withdraw the plea of guilty, counsel stating that he had just been retained to represent the defendant and had no time to present his case or consider the rights which the defendant might have under a motion for leave to withdraw his plea of guilty. A written motion for leave to withdraw the plea of guilty was also filed on the same day and before judgment was entered on the plea of guilty. This motion set up, in substance, that the defendant was a person of foreign birth, having been born in Poland; that he did not understand clearly the English language; that he did not know, understand or realize what he was doing when he pleaded guilty to both counts of the information; that the consequences of entering such plea had not been fully explained to him, and that if he had understood the meaning of such plea he would not have pleaded guilty. The motion further sets out that immediately after the defendant's arrest he was brought into court; that he was not represented by counsel, had no opportunity to employ counsel and was not advised by the court that he had a right to employ counsel, or, being unable to do so, the court would appoint counsel for him. The motion asked for leave to withdraw his plea of guilty and to give sufficient time for an attorney to investigate his right, if any he had, to move to quash the indictment or such other rights as he

might have in the premises.   Plaintiff in error by his counsel also offered to introduce proof in support of said motion to withdraw his plea of guilty.   This offer and the motion filed were denied and plaintiff in error was sentenced on his plea of guilty to pay a fine of $1000, together with the costs of the prosecution, under the first count of the information, and that he stand committed to the county jail if such fine and costs were not paid, and to work out the same at the rate of $1.50 per day, under the direction of the sheriff, in such manner as shall be provided by the county board.   Under the second count of the information plaintiff in error was sentenced to sixty days in the county jail, and to perform such labor, under the direction of the sheriff, as the county board had provided for.   It was also ordered that the imprisonment under the second count should not begin until the fine and costs under the first count were worked out or paid in full. On the next day plaintiff in error filed his motion to vacate the sentence of the court, alleging that the judgment was excessive; that the portion which provides for the imprisonment of the defendant in the event of non-payment of fine is illegal and unauthorized under the laws of the State; also alleging the illiteracy of the defendant, his inability to understand the English language and want of knowledge of the effect of his plea.   It also set out that the defendant was not represented by an attorney either of his own choosing or by appointment of the court; that he was arraigned and forced into trial without the benefit of counsel and without knowing or understanding the nature of the proceedings against him.   This motion was overruled and judgment on the plea was entered.   Plaintiff in error brings the cause here, contending, first, that the trial court denied to him his constitutional right to be represented by counsel; second, that the court abused its discretion in denying his motion for leave to withdraw the plea of guilty; and third, that the sentence of the court was excessive.

Section 9 of article 2 of the constitution provides, in part, as follows: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel." Section 2 of division 13 of the Criminal Code provides that "every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense," etc.

The constitutional provision that a person charged with crime shall have the right to appear and defend by counsel, and the provision of the statute that he shall be allowed counsel or the same shall be appointed for him upon his statement, under oath, that he cannot procure such assistance, does not place upon the court the duty to proffer the services of counsel, but where there has been a motion for leave to withdraw a plea of guilty, the fact that the defendant did not have counsel and was not informed that he could have such assistance, if such is the fact, is a matter which, with all the facts surrounding the case, is to be considered in determining whether it was an abuse of judicial discretion to refuse to permit the withdrawal of the defendant's plea.

In *People* v. *Kawoleski,* 310 Ill. 498, the defendant was charged with violation of the Illinois Prohibition act. The information contained thirteen counts. On the day the information was filed the defendant, Kawoleski, was arrested and brought before the court. He signed a jury waiver and pleaded guilty after being duly warned and advised as to the consequences of his plea, and was sentenced under the various counts of the information. Judgment was entered on the plea and the defendant was immediately placed in jail. About twenty days thereafter counsel representing him filed a motion to vacate the judgment and for a new trial. One of the contentions in the case was that the defendant was denied his constitutional rights when brought into court and his plea entered. This contention was based on an affidavit

in support of his motion for a new trial, setting out that he had no counsel at the time he entered his plea and that he did not understand the English language "well;" that no interpreter was present; that he did not understand the proceedings and was unable to procure witnesses and properly present his case. It appears in that case that the judgment had been executed more than twenty days before the motion made to set it aside was filed, and this court there held that to set aside a judgment under such circumstances would be to establish a dangerous precedent, and the judgment was sustained.

When a defendant in a criminal case has pleaded guilty and judgment has been entered against him on such plea it is discretionary with the trial court to vacate the judgment and permit the plea to be withdrawn. Where it clearly appears that a defendant pleaded guilty under a well founded misapprehension of the consequences of such plea the trial court should set aside the judgment and sentence and allow the defendant to withdraw such plea and to enter a plea of not guilty. (*People* v. *Byzon,* 267 Ill. 498; *People* v. *Walker,* 250 id. 427.) In *Krolage* v. *People,* 224 Ill. 456, this court said: "The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be subserved by permitting the plea of not guilty in its stead." The rule above stated has no application to cases where the defendant, fully understanding the nature of the proceedings before him, seeks to withdraw his plea of guilty because the punishment meted out is heavier than he had supposed it would be. In the case at bar, however, the plaintiff in error, when brought into court, did not know, so far as the record shows, that he had a right to have counsel. He entered a plea of guilty, and the cause was continued until the next day for the purpose of entering judgment on the plea. On that day, and before sentence was passed or plaintiff in error knew what such judgment would be, counsel appeared for him and filed

326–12

the motion and made the offer of proof hereinbefore referred to.

We are of the opinion that under all the circumstances of this case the court should have heard the evidence offered in support of the motion for withdrawal of the plea of guilty. The fact that plaintiff in error may be shown, on trial, to be guilty is not of itself sufficient to deny him a full opportunity to present, through counsel, such defense as he may have to the charge. It accords with the American spirit of justice to afford such opportunity. The refusal of this opportunity, under the circumstances of this case, prevented such a trial as the law contemplates. The holding in the *Kawoleski case, supra,* is in nowise contrary to this ruling. There a plea of guilty had been entered and the judgment executed, and not until nearly three weeks after he had learned the judgment of the court and had been committed to jail was his motion for leave to withdraw the plea filed. In this case counsel appeared for plaintiff in error and made a motion for leave to withdraw his plea and to offer evidence in support thereof before any action was taken, and under the facts of the case as we have herein related them we are of the opinion that it was an abuse of discretion vested in the court to deny the motion without hearing evidence thereon. *People* v. *Ortez,* 320 Ill. 205.

As the judgment must be reversed it does not become necessary to consider other questions raised on the record.

The judgment is reversed and the cause remanded to the trial court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*