Mary Arnold, Plaintiff in Error, v. The People of the State of Illinois, Defendant in Error.

346

Opinion filed June 4, 1931.

R. V. GUSTIN, for plaintiff in error.

H. C. LINDAUER, State's Attorney, and JOHN T. THOMAS, Assistant State's Attorney, for defendant in error.

MR. JUSTICE FULTON delivered the opinion of the court.

On the 6th day of December, 1930, an information was filed in the county court of St. Clair county, charging the plaintiff in error, Mary Arnold, with operating a house of ill fame. She was arrested on December 12. On December 15 she called at the office of the State's attorney and inquired about the terms and conditions under which he would be willing to dispose of her case.

He informed the defendant that if she would enter a plea of guilty he would recommend to the court that she be fined $100 and costs. On the following day she again called upon the State's attorney and informed him that she was ready to plead guilty and dispose of the case. They immediately appeared in the county court and upon inquiry by the court, the defendant stated that she desired to enter a plea of guilty. The

court then asked the State's attorney what the statutory penalty was and in the presence of the defendant was told that the statute provided for a fine or imprisonment in the county jail, or both, and further stated to the court that he would recommend a fine of $100 and costs. The defendant was advised by the court as to what the consequences of her plea might be, but she again stated that she desired to plead guilty, whereupon the court announced that the punishment would be $100 and 30 days in the county jail.

The defendant then employed counsel and the following morning, December 17, filed a motion to vacate the judgment and sentence and for permission to withdraw her plea of guilty. The motion was verified by the affidavit of defendant and set out in substance the agreement with the State's attorney; that if she had not believed that the agreement would be accepted and followed by the court, she would not have entered such a plea; that the court prior to the announcement of the sentence had not fully explained to her the consequences of entering a plea of guilty, and that neither the State's attorney, nor the court, ever mentioned a possible jail sentence to her before sentence was imposed, nor did the court inform her that she was entitled to be represented by counsel.

The motion was denied and overruled by the court, a motion to suspend the issuance of *mittimus* was granted and this writ of error follows.

It is the contention of plaintiff in error that the action of the trial court in denying her motion for leave to withdraw the plea of guilty was an abuse of discretion, relying upon the rule of law which states: "Where it clearly appears that a defendant pleaded guilty under a well founded misapprehension of the consequences of such plea, the trial court should set aside the judgment and sentence and allow the defendant to withdraw such plea and to enter a plea of

not guilty.'' In support of her contention, plaintiff in error relies chiefly on the case of *People v. Lavendowski,* 326 Ill. 173, and the case of *People v. Byzon,* 267 Ill. 498. The facts in those cases set up quite a different situation from the instant case. In the *Lavendowski* case the defendant was arrested on the same day an information was filed charging him with possessing and also manufacturing intoxicating liquor. He was unable to speak English, was heard through an interpreter and plead guilty. The case was continued until the next day and before judgment was entered on the plea of guilty, counsel appeared for the defendant and filed a written motion asking for leave to withdraw the plea of guilty, setting up reasons in behalf of the motion and offering to introduce evidence in further support of the same. The court held that under all the circumstances the evidence offered in support of the motion should have been heard by the court below before denying the motion.

In the *Byzon* case the motion was made to vacate sentence and for leave to withdraw the plea of guilty, not only because he had entered pleas of guilty under a mistake or misapprehension of the consequences thereof, because a police officer had told him if he would plead guilty he would be placed on probation, but also setting up facts which he insisted would prove him not guilty of the crime charged.

In the present case the plaintiff in error sought out the State's attorney and attempted to settle her case outside of court. When the court imposed heavier sentence than the amount recommended by the State's attorney, she was dissatisfied. In her motion she does not set up any facts that would show her to be innocent of the crime charged, and we do not think there was any abuse of discretion by the trial court in denying the motion.

The Supreme Court of our State has passed upon the questions raised by plaintiff in error adversely to her contention.

The rule that ''the withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be subserved by permitting the plea of not guilty in its stead'' has no application to cases where the defendant, fully understanding the nature of the proceedings before him, seeks to withdraw his plea of guilty because the punishment meted out is heavier then he had supposed it would be. *People v. Lavendowski*, 326 Ill. 173, 177.

A recital that the defendant was fully advised of the effect of his plea is sufficient unless it is made to appear from the record that the court erroneously or insufficiently informed the defendant of the effect of his plea. *People v. Blumberg*, 314 Ill. 567.

The defendant cannot contradict the record by affidavit. *People v. Fulimon*, 308 Ill. 235.

For the reasons assigned the judgment of the lower court will be affirmed.

*Affirmed.*