### Ex parte WILLIAMS.
### Civil Action No. 791.

District Court, E. D. Illinois.
Dec. 14, 1943.

WHAM, District Judge.

The relator, George Williams, seeks to proceed in forma pauperis upon his petition for a writ of habeas corpus releasing him from state custody under a sentence imposed by the Circuit Court of DeKalb County, Illinois. For the purpose of the record the petition has been ordered filed without prepayment of fees. The basis of relator's petition is threefold: (1) That he did not commit the crime for which he was imprisoned and has proof of an alibi, (2) that he was not afforded counsel by the court which sentenced him and (3) that "the state's attorney then told the petitioner that if he plead guilty and waived a jury trial that he would see that the petitioner received one year in the Vandalia State Farm instead of a one to life in the Illinois State Penitentiary."

The petition shows that the deputy sheriff told the petitioner to sign some papers which the petitioner did not knowing that they were confessions to various burglaries; that two indictments numbered 26897 and 26898 for burglary and larceny were returned against him; that before he was arraigned the state's attorney told him that if he plead guilty and waived a jury trial that he would see that petitioner received one year in the Vandalia State Farm instead of a one to life in the Illinois State Penitentiary; that on June 7, 1939, the

petitioner, being afraid of a one to life sentence, entered a plea of guilty; that he had no counsel; that he was sentenced to fifteen years in the Illinois penitentiary on indictment 26897; that he was taken to the Illinois State Penitentiary at Joliet, Illinois, where be remained until October 16, 1939, on an illegal sentence when he was returned to the DeKalb County Circuit Court of Sycamore, Illinois, where indictment 26897 upon which he had been sentenced was nolle prossed and the sentence stricken; that the petitioner then, without benefit of counsel, entered a plea of guilty to larceny as in the fifth count of indictment 26898, was sentenced to one to ten years and was then returned to the Illinois State Penitentiary at Joliet, Illinois. The petition further shows that relator has sought a writ of habeas corpus in the DeKalb County Circuit Court and the Randolph County Circuit Court and the Illinois Supreme Court and that his petition has been denied by each of said courts.

■ That relator may now be able to show facts which he believes would establish an alibi is without significance in this proceeding in absence of showing that he was unlawfully deprived of opportunity to make such proof at the time he entered his plea of guilty.

■ It does not appear from defendant's petition that he was denied counsel by the Circuit Court of DeKalb County at the time he was originally sentenced or at the time that he returned there and was sentenced upon another indictment. It does not appear that he at any time sought appointment of counsel by the court, or that he was unable to employ counsel or that he sought leave to obtain counsel. If he were misled, as he alleges, by the state's attorney at the time he entered his first plea of guilty, he was surely advised of that fact before he was called upon to plead to the second indictment upon which second sentence he is now in the custody of the State of Illinois. At no time did he seek to withdraw his plea of guilty to the first indictment as he should have done if he were actually misled at the time he received his first sentence. When he was returned to the court for sentence in October 1939, after having had four months to think the matter over, he did not ask for counsel or indicate to the court that he had a defense or that he had previously been misled by the state's attorney. It would seem that relator, by his conduct as disclosed in his petition, waived all rights which he had to representation by counsel under the Constitution and laws of the State of Illinois. Const.Ill. 1870, Art. II, Sec. 9, Smith-Hurd Stats.; Ill.Rev.St. Chap. 38, Sec. 730.

■ The pertinent portion of said statute reads: "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." There was no duty on the part of the court to proffer the services of counsel (People v. Lavendowski, 326 Ill. 173 at 176, 157 N.E. 193) and due process of law within the meaning of the United States Constitution was not denied by such failure. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

The judgment of the court which is attached to the plaintiff's petition recites that the defendant was furnished with a copy of the indictment and a list of the witnesses and jurors "and having waived counsel, being now duly arraigned and forthwith demanded of and concerning the charge alleged against him in the indictment herein how he will acquit himself thereof, for a plea in that behalf says that he is guilty of grand larceny in manner and form as charged in the fifth count of said indictment. And said defendant being fully advised by the court as to the effect and consequences of said plea of guilty to said fifth count and said defendant still persisting therein, the Court orders said plea to be accepted and entered of record against said defendant." There is nothing in the petition which tends to show that the recitals are not entirely true.

If all the facts stated in the petition be true, the petition is insufficient in law and without merit and relator is not entitled on the facts therein set forth to a writ of habeas corpus in this court or to a show cause order directed to the respondent or to proceed further herein in forma pauperis.

It is ordered, therefore, that the relator be denied the right to proceed further herein in forma pauperis and that the petition be dismissed without prejudice.