**Ex parte TRUITT.**

District Court, E. D. Illinois.
March 30, 1944.

No counsel appeared.

WHAM, District Judge.

■ It appears that the petitioner was convicted of murder on July 31, 1914, in the Circuit Court of Jackson County, Illinois, upon his plea of guilty and was sentenced to the penitentiary for life. He has presented a petition for a writ of habeas corpus and seeks to proceed in forma pauperis. In view of his affidavit of poverty he will be permitted to file his petition without prepayment of fees and the petition will be examined to ascertain whether there is sufficient merit shown on its face to justify an order permitting further proceedings in forma pauperis.

The petition is long and somewhat involved but it appears that the only grounds now relied upon is that he is not guilty as a matter of fact but plead guilty before the court, having been denied counsel and was sentenced behind closed doors. There is an obscure intimation that he was then in fear of mob action which, he says, had theretofore threatened and caused his removal from Murphysboro, Illinois, the county seat, to Carbondale, Illinois, for safety. This same petition for a writ of habeas corpus has been before the Circuit Court of Jackson County, Illinois, the Supreme Court of Illinois,[1] and an unsuccessful effort was made to obtain a review by the United States Supreme Court. Just what was done in the latter respect does not appear, except as may be disclosed by a letter from the clerk of that court as follows: "The Court today denied the application in the case of People of Illinois ex rel. Bennie Truitt v. Nierstheimer, Warden, No. ——, October Term, 1943 [64 S.Ct. 778]."

■ While there is an allegation in the petition that petitioner was denied his right to assistance of counsel and that he did not intelligently waive that right there is no showing that he requested the court to appoint an attorney. Section 9, Article II of the Constitution of Illinois, Smith-Hurd Stats., provides: "In all criminal prosecutions the accused shall have the

---

[1] No opinion.

right to appear and defend in person and by counsel * * *." The Illinois Revised Statute 1943, Chapter 38, Section 730, provides: "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." There was no duty on the part of the court to proffer the services of counsel. People v. Lavendowski, 326 Ill. 173, 176, 157 N.E. 193. In the absence of a request by the defendant to the court for counsel based upon a showing under oath that he was unable to procure counsel, the court was not required by statute or by the Constitution of Illinois to offer the aid of counsel. As a matter of fact, it appears from a copy of a certified copy of the record of the order and sentence of the court attached to the petition that the court tendered to defendant the service of an attorney but the offer was refused.

■ There is no specific provision in the Constitution of the United States that a defendant on trial in a state court on a criminal charge shall be allowed counsel. The provision of the Sixth Amendment that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, is applicable only to trials in the courts of the United States. This Amendment has been held to require federal courts to appoint counsel in all federal criminal cases in which the defendant is unable to procure the services of an attorney where the right has not been intentionally and competently waived. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

■ The provision of the Fourteenth Amendment that no State shall deprive any person of life, liberty or property without due process of law has been held to require a state court to afford the accused competent counsel under some circumstances. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. Under other circumstances, it has been held that the refusal of a state court to appoint counsel even when requested by a defendant being prosecuted on a criminal charge does not deprive defendant of due process. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 1259, 86 L.Ed. 1595. In this case the court classified the provisions of the various state constitutions on right of defendants in criminal prosecutions to counsel. Referring to the class in which Illinois was placed, the court said: "In the fundamental law of most states, however, the language used indicates only that a defendant is not to be denied the privilege of a representation by counsel of his choice." In view of this decision it cannot be said that due process, within the meaning of the Fourteenth Amendment, required the state court judge to appoint counsel for petitioner in absence of any request or showing on his part or special circumstances requiring such appointment to avert deprivation of justice.

■ Here there is no question but that a murder was committed and the petitioner admits that he was with the individual who, he says, fired the shot that killed the murdered individual. A third party who was with them, as petitioner says, gave testimony and was released. Petitioner and the person he says fired the fatal shot were indicted. Both were arraigned, furnished copies of the indictment and a list of the State's witnesses. Both entered pleas of guilty and persisted in their pleas after being admonished by the court of the effect thereof. The record shows that aid of counsel was tendered but refused. Evidence was taken. Thereafter, petitioner was sentenced upon his plea. All of this occurred thirty years ago. It is not sufficient, after such a long lapse of time in face of a court record showing that counsel was tendered and refused, merely to say that the judgment and sentence are void because petitioner was denied assistance of counsel.

Nothing appears from which even a suspicion can arise that the court's judgment and sentence were, in any respect, the result of fear of mob violence.

■ Petitioner sets up certain technical grounds having to do with alleged inaccuracy in the name of the institution to which the defendant was committed, and the fact that he is not now being confined at the institution to which he was originally sentenced. The papers attached to the petition are conflicting on this point and seemingly inaccurate. In any event, these are purely questions of state law and all have been answered contrary to petitioner's contentions by the courts of Illinois. People v. Becker, 382 Ill. 404, 47 N.E.2d 475; People v. Buckner, 281 Ill. 340, 117

N.E. 1023, 3 A.L.R. 1323; People v. Mikula, 357 Ill. 481, 192 N.E. 546.

Upon the face of the petition plaintiff is not entitled to a writ of habeas corpus and the petition is dismissed for want of merit.