THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESLIE SIMPSON, Plaintiff in Error.

*Opinion filed September 18, 1947.*

LESLIE SIMPSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LAN HANEY, State's Attorney, of Marion, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Three indictments returned in the circuit court of Williamson county in June, 1927, were docketed and given numbers 2132, 2134 and 2135. In case No. 2132, plaintiff in error, Leslie Simpson, and nine others, were charged with the murder of Ethel Price. In case No. 2134, the same defendants were charged with conspiracy to murder Ethel Price, and in case No. 2135, they were charged with having conspired to murder Lory Price. This review involves the common-law record of all three cases.

The records indicate that ten months after the indictments were returned, plaintiff in error and three of his codefendants were fugitives from justice. The exact date of their apprehension is not shown but the first entry in the record after the indictments were returned which pertained to plaintiff in error was made November 5, 1928. The orders entered on that date show plaintiff in error was present in court and tendered a plea of guilty. Each record contains a recital of the explanation of plaintiff in error's rights and the consequences of his pleas. After such explanation, he persisted in his pleas and the court thereupon accepted the same. No judgments were ever pronounced on such pleas. Plaintiff in error was not represented by counsel on that date, nor does it appear that he requested the court to appoint counsel for him.

On January 7, 1929, plaintiff in error and three of his codefendants, Newman, Wooten and Simmons, were in court and each was represented by counsel. The record indicates that the counsel then representing plaintiff in error had previously been appointed by court but the date is not shown. Plaintiff in error was furnished with a copy of the indictment in each case and a list of witnesses and jurors. On arraignment he tendered a plea of guilty in each case. His rights and the consequences of his pleas were fully explained by the court and after plaintiff in error indicated his intent to persist in his pleas, the same were accepted by the court. Evidence in aggravation and mitigation of the offenses was heard and plaintiff in error was sentenced to the penitentiary for life on the murder charge, case No. 2132, and a term of fifty-seven years in each of the conspiracy cases. On Fred Wooten's plea of guilty, entered the same day, the court imposed the same penalty. Wooten's cases were presented on the common-law records at the January term, 1946, of this court. Opinion on same is reported in *People* v. *Wooten,* 392 Ill. 542. In that case it was held that the three terms of

imprisonment ran concurrently and that all started February 15, 1929. It was necessary to reverse each of the conspiracy judgments for the reason that the penalty fixed by the judgment was in excess of the maximum penalty provided by statute. Wooten having served more than the maximum statutory penalty, the judgments in Nos. 2134 and 2135 were reversed without remandment. The sentence for life imprisonment in the penitentiary in No. 2132 was sustained. The errors assigned in the *Wooten case* on which the opinion was based are assigned in this case. The records in the three cases as to Wooten and plaintiff in error being identical, the holding in the former case will control here on the points common to both cases.

An error assigned on the record in No. 2132 which was not before the court in the *Wooten case* is, that when plaintiff in error was before the court on November. 5, 1928, he was not represented by counsel and had no opportunity to obtain the advice of counsel before entering his pleas of guilty. It is also contended that the attorney subsequently appointed and who appeared in his behalf at the time of the arraignment on January 27, 1929, was not an experienced criminal lawyer and was so incompetent as to deprive plaintiff in error of the legal advice to which he was entitled under constitutional and statutory provisions. It is argued that the efforts of his counsel were so feeble that his rights were transgressed upon, amounting to a denial of due process of law.

This is not a case that requires application of the principle which controls where a defendant has pleaded guilty without the advice of counsel and later moves for leave to withdraw his plea of guilty, assigning as a reason therefor that the former plea had been entered without the advice of counsel. Cases where such principle has been applied are *People* v. *Lavendowski,* 326 Ill. 173; *People* v. *Kurant,* 331 Ill. 470. In those cases and others involving the same principle, it was held that in determining

whether there had been an abuse of discretion in denying leave to withdraw the plea of guilty, courts should take into consideration the fact that the plea had been entered without the advice of counsel and without the defendant knowing that he could have counsel to advise him in reference to his rights. In this case plaintiff in error never moved to vacate the pleas of guilty of November 5, 1928, nor does it appear that when he entered his plea with the advice of counsel on January 7, 1929, he considered that the pleas entered on November 5 had any effect on his rights.

No complaint is made as to the legality of the proceedings had on January 7, except as to the competency of counsel hereinafter considered, but it is contended that the pleas entered on November 5 without the advice of counsel created a psychological effect which operated against plaintiff in error in all proceedings taken after that date, and that in reality the pleas entered on January 7, 1929, although with the advice of counsel, were in effect the fruit of the first pleas. From the facts shown in the record, it must be assumed that plaintiff in error acted voluntarily when he entered his pleas of guilty on January 7. No complaint is made as to the penalty imposed except as to the error in the length of term fixed in the conspiracy cases.

The record in each of the cases shows that some six months prior to plaintiff in error's appearance in the trial court on November 5, 1928, one of his codefendants, Charlie Birger, had been executed by hanging in Franklin county, that another codefendant, Art Newman, was under sentence to the penitentiary for life for murder committed in Franklin county, and that another codefendant was serving a sentence in the Federal prison for uttering and passing counterfeit money. The crimes to which plaintiff in error pleaded guilty in this case and the ones in which some of his codefendants were involved in other cases

are spread upon the records of this court and show a sordid list of crimes committed by these defendants. No doubt when plaintiff in error came before the court on November 5, he knew the fate that had befallen some of his codefendants and that in view of the penalties that had been imposed, he was anxious to enter a plea of guilty to the murder of Ethel Price and leave the penalty to the mercy of the court. There is nothing to indicate that he did not understand the nature of the crime with which he was charged or his rights to a trial by jury with counsel to represent him.

The attorney appointed by the court to represent plaintiff in error is conceded to have held the position of master in chancery of Williamson county and was an experienced lawyer in civil matters. There is nothing except the bare statement of plaintiff in error to show that he was not competent to advise in cases of this character. The fact that the court erred in sentencing plaintiff in error and Wooten in the conspiracy cases to a term in excess of the penalty provided by statute is no indication that plaintiff in error was not properly advised as to his legal rights.

The judgment in No. 2132 is affirmed and the judgments in Nos. 2134 and 2135 are each reversed.

*Circuit court No. 2132, judgment affirmed.*

*Circuit court Nos. 2134 and 2135, judgments reversed.*