(No. 27617.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH CHILDERS, Plaintiff in Error.

*Opinion filed March 21, 1944.*

RALPH CHILDERS, *pro se.*

GEORGE F. BARRETT, Attorney General, and ALAN S. WINDELS, State's Attorney, of Hillsboro, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

In the circuit court of Montgomery county, the plaintiff in error, Ralph Childers, on April 8, 1935, pleaded guilty to the offense of burglary and larceny and was sentenced by that court to the Southern Illinois Penitentiary at Chester to be imprisoned until discharged by due process of law. He has sued out a writ of error from this court to obtain a review of the judgment based upon his plea of guilty. No bill of exceptions was preserved, but claim is made that there are defects shown in the common-law record from the circuit court of Montgomery county. The errors assigned by plaintiff in error will be discussed in the order presented in his brief.

The plaintiff in error filed in this court what purports to be an abstract of record, which contains only a certified copy of the penitentiary *mittimus* issued by the Montgomery county circuit court on April 10, 1935. The People then filed a full and complete copy of the proceedings had in the circuit court of Montgomery county with reference to the above-entitled cause duly certified by the clerk of the circuit court of Montgomery county and a certificate of the now presiding judge of said court and the successor in office to the late Honorable Thomas M. Jett who presided at the trial of the plaintiff in error in said court.

It is first urged by plaintiff in error that the court erred in accepting a plea of guilty without defendant having counsel. The plaintiff in error was indicted, together with one Walter Voyles, for the crime of burglary, larceny and receiving stolen property which consisted of the theft of chickens belonging to one Albert Law. The record shows that on April 8, 1935, the plaintiff in error, together with the said Walter Voyles, signed a written waiver of trial by jury and asked the court for a trial without the inter-

vention of a jury. This written waiver of jury was duly filed in the office of the circuit clerk of said county.

Section 9 of article II of the constitution of 1870 provides that "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel," and there does not appear in the said constitution any mandatory requirement that counsel be assigned to a defendant in a criminal prosecution, except in capital cases. Section 2 of division XIII of the Criminal Code provides: "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense."

Under the circumstances shown by the record in this case, there was no duty upon the court to appoint counsel for the plaintiff in error. This exact question has been passed upon by this court in the case of *People* v. *Kawoleski*, 310 Ill. 498. In that case a defendant was charged with unlawfully possessing and selling intoxicating liquors contrary to the provisions of the Prohibition Act then in force. After arrest, the defendant, Kawoleski, signed a jury waiver and in his own proper person pleaded guilty. He was then sentenced to the county jail and confined for the offense of which he was found guilty. It was contended by the defendant that he was deprived of his constitutional rights at the time he entered his plea. He filed an affidavit in support of his motion for a new trial in which he stated that he had no attorney at the time of entering the plea of guilty and further claimed that he did not understand the English language nor did he read or write English fluently. In passing upon the question, this court said: "He does not say he did not know what he was arrested for or that he did not know he was taken before the court on a charge of the violation of the Prohibition law. He does not say he wanted an attorney or that he asked permission to consult one, and he does not say he had any defense to

the charge if he had secured an attorney and been given time to prepare for trial. It would be a dangerous precedent to reverse the judgment for the reasons set forth in the affidavit." This ruling was approved in the case of *People* v. *Lavendowski,* 326 Ill. 173.

The plaintiff in error next complains that he was not fully advised of the consequences of his plea of guilty. However, the certified record filed in this cause by the People shows that on April 8, 1935, at the time the plaintiff in error in his own proper person appeared in court and pleaded guilty to the indictment, the following entry was duly made of the proceedings in the circuit court on that date: "Whereupon the said defendant, Ralph Childers, is by the court fully informed and admonished as to the effect and consequences of a plea of guilty herein, and after having been informed and admonished, the said defendant persists in pleading guilty to the offense of burglary and larceny in manner and form as is charged in the indictment herein." The sufficiency of similar admonishment by the court as being in conformity with the statutes of the State of Illinois has many times been approved by this court. "When the record, as here, recites that the defendant was admonished as to the consequences of the plea, it will be presumed, in support of such recital, that the court discharged its duty." *People* v. *Denning,* 372 Ill. 549; *People* v. *DeRosa,* 362 Ill. 161; *People* v. *Throop,* 359 Ill. 354; *People* v. *Williams,* 383 Ill. 348.

It is further suggested without argument that the court erred in fixing a definite place of imprisonment. The reading of the *mittimus* shows without question that the court fixed a definite place of imprisonment by sentencing the plaintiff in error to the Southern Illinois Penitentiary at Chester, which language has been approved by this court. *People* v. *Buckner,* 281 Ill. 340.

It does not appear in the record whether or not the court heard evidence in mitigation or aggravation of the

offense of which the plaintiff in error pleaded guilty, nor does the record disclose that either the State's Attorney or the defendant requested the trial court to examine any witness on that subject. It is claimed that the court committed error in failing to examine witnesses in mitigation or aggravation of an offense for which the penalty might extend to life. It is true that the statute (Ill. Rev. Stat. 1943, chap 38, par. 732,) provides that in all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense, but this question is fully discussed in the case of *People* v. *Throop,* 359 Ill. 354, where it was held that if such examination of witnesses is requested or desired by either party, it is the duty of the court to grant such examination, but if neither party makes such request, such examination and hearing will be held to have been waived. This rule has been approved in the cases of *People* v. *Pennington,* 267 Ill. 45, *People* v. *Crooks,* 326 Ill. 266, and *People* v. *Gerke,* 332 Ill. 583. In the *Pennington case,* it was said that, in any event, such matters must be presented for review by a bill of exceptions.

The last error assigned is that the court did not fix the term of imprisonment. The crime for which the plaintiff in error was found guilty and sentenced to the penitentiary was that of burglary and larceny, the penalty for which is fixed by statute, (Ill. Rev. Stat. 1943, chap. 38, par. 84,) which provides, upon conviction of the crime of burglary, for imprisonment in the penitentiary "for any term of years not less than one year or for life." Section 2 of the Sentence and Parole Act (Ill. Rev. Stat. 1939, chap. 38, par. 802,) provides that, except for certain crimes enumerated in section 1 of the act, there shall be a general sentence of imprisonment and the courts of this State, imposing such sentence or commitment, shall not fix the term or duration of such imprisonment. This question has also been disposed of by this court in *People ex rel. Ewald*

v. *Montgomery*, 377 Ill. 241, where it was said: "It has been repeatedly held that the term of the sentence fixed by law on conviction is written into the judgment of the court." This principle has been approved in other cases. *People* v. *Wood*, 318 Ill. 388; *People ex rel. Sammons* v. *Hill*, 345 Ill. 103.

In an informal reply filed by the plaintiff in error, he seeks to impeach the record filed by defendant in error, but states no ground upon which the same can be challenged as incorrect. It is duly and properly certified by the clerk of the circuit court as containing all of the proceedings with reference to the above-entitled cause, and it is certified by the present circuit judge that in his opinion it contains a true history of said case, the Honorable Thomas M. Jett, who presided at the trial, having become deceased. His reply also contains a statement of facts with reference to his case, intended to secure sympathy for the length of time he has served in the penitentiary. He insists that he was guilty of stealing ten chickens and that he has now served in the penitentiary nearly nine years; that he is still a young man and anxious to serve in the army of the United States and that he believes he has more than served sufficient time to satisfy the State of Illinois for the offense committed by him. While it does strike this court that service of nine years in the State penitentiary is a rather long term to serve for stealing ten chickens, the answer of the plaintiff in error does not in any manner apply to the errors assigned by him in his writ of error, but the subject matter thereof might properly be addressed to the Division of Correction of the State of Illinois, which has complete supervision over his time of service in the penal institutions of this State.

There appearing to be no error in the record filed or in the record of his case as presented to this court, the judgment of the circuit court of Montgomery county is hereby affirmed.