(No. 27661.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE E. CORBETT, Plaintiff in Error.

*Opinion filed May 16, 1944.*

GEORGE E. CORBETT, *pro se.*

GEORGE F. BARRETT, Attorney General, and EDWIN A. JOHNSTON, State's Attorney, of Pittsfield, for the People.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is a writ of error sued out of this court to review a judgment of the circuit court of Pike county. Plaintiff in error appears *pro se.* On April 20, 1925, he entered a plea of guilty to an indictment charging him with the crime of robbery while armed with a dangerous weapon. He was sentenced on his plea for an indeterminate term of from ten years to life. The writ of error in this case was sued out approximately eighteen years later.

The alleged errors are (1) that the court erred in accepting the plea of guilty without the defendant having had the advantage or advice of counsel; (2) that the court erred in not fully and completely advising the defendant of the consequences and effect of his plea, and by not hearing evidence in mitigation and aggravation of the offense, and (3) that the court erred in accepting the plea of guilty because the name of the defendant was endorsed as a witness on the indictment and, further, that he was, by duress and threats of the State's Attorney, forced to give evidence against himself before the grand jury.

Plaintiff in error filed in this court a fragmentary, incomplete and wholly unauthenticated transcript of the com-

mon-law record. Upon leave granted, the Attorney General has filed a complete transcript of the common-law record, properly authenticated. The case is presented to this court solely on the common-law record.

From the first alleged error assigned, it is obvious that plaintiff in error is under the misapprehension that the court may not accept a plea of guilty unless the defendant is represented by counsel. This is not the law. The right to be represented by counsel is a personal right which the defendant may waive or claim, as he himself may determine.

Section 9 of article II of the constitution provides that in all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel. Section 2 of division XIII of the Criminal Code provides that every person charged with crime shall be allowed counsel, and when he shall state, upon oath, that he is unable to procure counsel, the court shall assign him competent counsel who shall conduct his defense. (Ill. Rev. Stat. 1943, chap. 38, par. 730.) This provision has not been changed since it was originally enacted in 1874. Rev. Stat. 1874, chap. 38, par. 422, p. 410.

There is nothing in the record before us to indicate that plaintiff in error did anything to bring himself within the above provision of the statute. In the absence of an affirmative showing in the record to the contrary, it will be presumed that the court discharged its duty to the defendant in all respects. (*People* v. *Pecho,* 362 Ill. 568; *People* v. *Gerke,* 332 Ill. 583; *People* v. *Bonheim,* 307 Ill. 316.) Under the above statutory provision the court is required to provide counsel for a defendant only when he shall state, upon oath, that he is unable to procure counsel. (*People* v. *Parcora,* 358 Ill. 448; *People* v. *Lavendowski,* 326 Ill. 173.) The first assignment of error cannot be sustained.

The second assignment of error, *viz:* that the court did not fully advise the defendant of the consequences and

effect of his plea of guilty, and did not hear evidence in mitigation and aggravation of the offense, is equally without merit. Section 4 of division XIII of the Criminal Code provides that a plea of guilty shall not be entered until the court shall have fully explained to the accused the consequences of entering such a plea. Ill. Rev. Stat. 1943, chap. 38, par. 732.

As already observed, this case is here on the common-law record. The record recites, "The court fully advises and admonishes said defendant, George E. Corbett, as to the plea of guilty made by him and the defendant persists in said plea of guilty and the court, on consideration, finds that the said defendant George E. Corbett, is twenty years of age. * * *." In the absence of any further showing, such recital is amply sufficient to show that the court fully discharged its duty in advising and warning the accused of the consequences of his plea. (*People* v. *De-Rosa,* 362 Ill. 161; *People* v. *Collins,* 353 Ill. 468; *People* v. *Blumberg,* 314 Ill. 567; *People* v. *Fulimon,* 308 Ill. 235.) Many other cases to the same effect might be cited.

The question of the failure of the court to hear evidence in mitigation and aggravation of the offense, included in this assignment of error, is based upon a misapprehension of the applicable statute. Under the statute in force at the time plaintiff in error was sentenced, the crime of armed robbery was punishable by an indeterminate sentence in the penitentiary of from ten years to life. (Ill. Rev. Stat. 1925, chap. 38, par. 501; *People* v. *Secco,* 303 Ill. 546.) Section 4 of division XIII of the Criminal Code, as it existed at that time, provided that where the defendant entered a plea of guilty "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." (Ill. Rev. Stat. 1925, chap. 38, par. 732.) This is, however, a right which may be waived by the de-

fendant. *People* v. *McWilliams*, 348 Ill. 333; *People* v. *Gerke*, 332 Ill. 583; *People* v. *Crooks*, 326 Ill. 266; *People* v. *Pennington*, 267 Ill. 45.

Clearly, this case does not fall within the section of the statute above referred to, requiring the court to examine witnesses as to the aggravation and mitigation of the offense. The court had no discretion as to the extent of the punishment. Upon the plea of guilty, all the court could do was to impose the sentence, fixed by law, of imprisonment for an indeterminate term of ten years to life. The court had no discretion or power to fix any different punishment. That being true, the statute requiring the court to hear evidence as to the aggravation and mitigation had no application to the offense to which plaintiff in error entered his plea of guilty.

The final contention is that the court erred in accepting the plea of guilty because the defendant's name was endorsed on the indictment as a witness and that he was, by duress and threats of the State's Attorney, forced to give evidence before the grand jury. If the defendant had any objections to the indictment, based on his appearance before the grand jury as a witness, such objections should have been presented to the trial court by motion to quash the indictment. Having failed to make and preserve such objections, he cannot now raise the question on the record before this court. (*People* v. *Knox*, 302 Ill. 471; *People* v. *Kroll*, 259 Ill. 592.) There is nothing in the record before us to show that any objection was made to the sufficiency of the indictment or the competency of the evidence before the grand jury, on which it was based. These are matters that can be raised only by a motion to quash the indictment and the ruling thereon preserved by a bill of exceptions.

The further objection that plaintiff in error was, by duress and threats, forced to give evidence before the grand jury, is a mere gratuitous statement of plaintiff in error.

46

There is absolutely nothing in the record on which to base this statement. The record does show that his name was endorsed as one of two witnesses on the back of the indictment. The other witness whose name appears upon the back of the indictment is the alleged victim of the crime charged. Whether plaintiff in error did actually appear and testify before the grand jury or the circumstances under which he testified are not in any way disclosed by the record. This is also an objection which could be raised only by an appropriate motion in the trial court and the ruling thereon preserved by bill of exceptions.

A careful examination of the record and of all the contentions made by plaintiff in error discloses no error in the judgment of conviction.

The judgment of the circuit court of Pike county is affirmed.

*Judgment affirmed.*