(No. 28283.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BRANER, Plaintiff in Error.

*Opinion filed January 17, 1945.*

JAMES BRANER, *pro se.*

GEORGE F. BARRETT, Attorney General, and LYLE R. WHEELER, State's Attorney, of Havana, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

May 21, 1937, the defendant, James Braner, was indicted in the circuit court of Mason county for the crime of robbery. He pleaded guilty, and was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to twenty years. Defendant prosecutes this writ of error, appearing *pro se.*

No bill of exceptions has been filed, and the assignments of error must be considered solely upon the common-law record. Charging a violation of his constitutional rights, defendant contends that the court erred in not appointing counsel to represent him. It is settled that no duty rests upon the trial court to provide legal assistance for an accused unless he states, upon oath, that he is unable to procure counsel. (*People* v. *Corrie,* 387 Ill. 587; *People* v. *Corbett,* 387 Ill. 41; *People* v. *Childers,* 386 Ill. 312.) Moreover, the right to be represented by an attorney is a right personal to a defendant which he may waive or claim, as he himself elects. (*People* v. *Corbett,* 387 Ill. 41.) Here, defendant cannot complain of the failure to appoint counsel for him where, in the absence of a bill of exceptions, the common-law record discloses that he did not assert his right to have an attorney appointed to represent him.

Defendant next contends that his plea of guilty should not have been accepted in the absence of a jury waiver. His plea itself constituted a waiver of a trial by jury. *People* v. *Corrie,* 387 Ill. 587.

The third contention advanced by defendant is that the court did not hear evidence by way of mitigation, or otherwise. Section 4 of division XIII of the Criminal Code, as it existed in 1937 when defendant was sentenced, provided, "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to aggravation and mitigation of the offense." (Ill. Rev. Stat. 1937, chap. 38, par. 732.) Under the statute in effect on August 6, 1937, the day defendant was sentenced, the crime of robbery was punishable by an indeterminate sentence in the penitentiary of from one to twenty years. (Ill. Rev. Stat. 1937, chap. 38, par. 501.) The court was not vested with discretion as to the extent of the punishment. Upon the plea of guilty, the applicable statute authorized the court

to impose sentence for an indeterminate period, only. For the adequate reason that the trial judge lacked discretion or power in determining the extent of the punishment, there could have been no necessity to hear evidence either in mitigation or aggravation of the offense charged. (*People* v. *Corrie*, 387 Ill. 587; *People* v. *Corbett*, 387 Ill. 41; *People* v. *Childers*, 386 Ill. 312.) In short, the statutory provision invoked by defendant does not apply to the offense of robbery to which he pleaded guilty.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*