(No. 28323.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN FUHS, Plaintiff in Error.

*Opinion filed March 21, 1945.*

JOHN FUHS, *pro se.*

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, John Fuhs, was, in September, 1936, indicted by the grand jury of St. Clair county on three separate charges of rape. Three indictments were returned, and on each of said indictments the plaintiff in error entered a plea of guilty. No bill of exceptions is filed in said causes. The record discloses that in each case, before judgment and sentence was rendered, "the court fully advised the defendant as to his legal and constitutional rights and the consequences of such plea of guilty,"

but the plaintiff in error persisted in his plea of guilty, and was adjudged guilty of the crime of rape. The record further shows that before the entering of judgment and sentence, the court heard evidence and statements of the parties in extenuation or aggravation of the offense, and, after hearing the same, sentenced the plaintiff in error to the Illinois State Penitentiary for a term of ninety-nine years and until duly discharged according to law.

The same recital is contained in all the indictments, and the same plea, admonition and judgment entered, after hearing evidence in aggravation and extenuation. Both parties have made statements of what the facts were in the case. There being no bill of exceptions, they cannot be considered in determining the issue presented here. It is sufficient to say that from the statement of plaintiff in error the offense was of an atrocious character.

The legal points raised by plaintiff in error, who appears in his own behalf, are, first, the court erred in not appointing counsel to represent him. There is nothing in the record before us to indicate that plaintiff in error did anything to bring himself within the provisions of the statute authorizing or permitting the court to appoint counsel for him. In the absence of an affirmative showing in the record to the contrary, it will be presumed that the court discharged its duty to the defendant in all respects. (*People* v. *Pecho,* 362 Ill. 568; *People* v. *Corbett,* 387 Ill. 41.) Under the statutory provision, (Ill. Rev. Stat. 1943, chap. 38, par. 730,) the court is required to provide counsel for defendant only when he shall state on oath he is unable to procure counsel. (*People* v. *Parcora,* 358 Ill. 448; *People* v. *Corbett,* 387 Ill. 41.) The first assignment of error is without merit.

The second assignment of error is that the court is without jurisdiction to enter judgment in said causes. Under this point plaintiff in error argues the same point as presented in his first assignment, except that he contends by failing to appoint counsel the court lost jurisdiction of the

cause. For the reason set out above, the point is without merit.

The final point is that plaintiff in error was denied due process of law, and under this point the plaintiff in error says that he asked the court to appoint counsel to represent him; that he was not furnished with a copy of the indictment, nor a list of the jurors; that he did not at any time enter a plea of guilty; that the court did not fully advise him as to his legal and constitutional rights, and the consequences of a plea of guilty; and that the court did not hear evidence in aggravation or extenuation of the offense. Each of these contentions is refuted by the record itself in that it recites that plaintiff in error was arraigned, was furnished with a copy of the indictment and a list of the witnesses and jurors, entered a plea of guilty, stated his age, and was advised as to his legal and constitutional rights and the consequences of his plea of guilty, and that the court heard evidence in aggravation and extenuation of the offense. · The question of the right of plaintiff in error to counsel is disposed of above.

The record discloses the trial court fully performed its duty in advising him of the consequences of the plea of guilty. (*People* v. *Childers,* 386 Ill. 312; *People* v. *Corbett,* 387 Ill. 41; *People* v. *DeRosa,* 362 Ill. 161.) It is not necessary for the record to show the particular words of warning, when the record recites he was admonished as to the consequences of his plea. (*People* v. *Throop,* 359 Ill. 354.) Plaintiff in error is not permitted by the mere filing of a brief and argument to dispute matters of record certified to this court as being correct. To entitle the plaintiff in error to any relief it must be an error appearing upon the face of the record as certified to this court. No error of that character appears.

The judgment of the circuit court of St. Clair county is accordingly affirmed.

*Judgment affirmed.*