(No. 28738.— )

The People of the State of Illinois, Defendant in Error, *vs.* Tate Clayton Stack, Plaintiff in Error.

*Opinion filed September 19, 1945.*

16

Tate Clayton Stack, *pro se.*

George F. Barrett, Attorney General, and Max A. Weston, State's Attorney, of Rockford, (Robert R. Canfield, of Rockford, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

October 6, 1938, the defendant, Tate Clayton Stack, was indicted in the circuit court of Winnebago county for robbery while armed with a dangerous weapon. The indictment consists of three counts. Of these, the first and second charge defendant with armed robbery on September 12, 1938, and the third his previous conviction, in Michigan, in July, 1932, of the crime of burglary. October 7, 1938, Stack entered a plea of guilty to the first count and

was sentenced to an indeterminate term of from one year to life in the penitentiary. The second and third counts were nolle prossed. Stack prosecutes this writ of error. The cause is here upon the common-law record, no bill of exceptions having been filed.

Charging the violation of his constitutional rights, defendant contends that the court erred in not appointing counsel to represent him. The right to be represented by an attorney is a right personal to a defendant which he may waive or claim, as he himself elects. (*People* v. *Corrie,* 387 Ill. 587.) It is settled that no duty rests upon the court to provide legal assistance for an accused unless he states, upon oath, his inability to procure counsel. (*People* v. *Corbett,* 387 Ill. 41.) Moreover, defendant can not complain of the failure to appoint counsel for him, where, as here, the common-law record fails to disclose that he asserted his right to have an attorney appointed to represent him. *People* v. *Braner,* 389 Ill. 190.

Defendant next insists that the trial court erred in not fully and completely advising him of the consequences and effect of a plea of guilty, that he did not persist in his plea, and that the court did not hear evidence in mitigation of the offense. Under the provisions of section 4 of division XIII of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 732,) an accused is entitled to a full explanation of the consequences of a plea of guilty before the plea is entered. The common-law record recites "and now the court explains fully to said defendant, Tate Clayton Stack, otherwise known as Clayton Stack, the meaning and effect of an entry of a plea of guilty. After such explanation said defendant files a written waiver of a trial by jury and enters a plea of guilty to the first count of the indictment, to the charge of robbery armed." The court discharged the duty owed to defendant in advising and warning him of the consequences of the plea, (*People* v. *Corbett,* 387 Ill. 41,) and the quoted recital sufficiently

shows persistence by defendant in his plea of guilty. The assignment of error with respect to failure to hear testimony in mitigation is also governed by section 4 of division XIII of the Criminal Code. This section provides that "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." On both the date of the crime and the day of the conviction, the punishment for the crime of robbery while armed with a dangerous weapon was imprisonment in the penitentiary for a term of years not less than one year or for life. (Ill. Rev. Stat. 1937, chap. 38, par. 501.) Section 2 of the Sentence and Parole Act then in force (Ill. Rev. Stat. 1937, chap. 38, par. 802,) provided that, except for the crimes enumerated in section 1 of the act, (robbery while armed with a dangerous weapon not being so enumerated,) every sentence to the penitentiary shall be a general sentence, and that the term of imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed. Apart from the fact that the right to a hearing in mitigation of the offense is one which may be, and was, waived by defendant, (*People* v. *McWilliams,* 348 Ill. 333; *People* v. *Crooks,* 326 Ill. 266; *People* v. *Pennington,* 267 Ill. 45,) the present case does not come within the provisions of the statute. Being vested with no discretionary power as to the extent of defendant's punishment upon his plea of guilty, the court could only impose the sentence fixed by law, namely, imprisonment for an indeterminate term of from one year to life. *People* v. *Braner,* 389 Ill. 190; *People* v. *Corbett,* 387 Ill. 41.

The remaining contention that the grand jury erred in indicting defendant under the Habitual Criminal Act for a prior crime, allegedly committed in Michigan, is not open to consideration. As recounted, upon defendant's plea of

guilty to the first count of the indictment, the third count embracing the alleged violation of the Habitual Criminal Act was nolle prossed upon motion of the State's Attorney. Where, as here, the cause was tried before the court without a jury, upon defendant's plea of guilty, no possible harm could accrue to defendant because of the inclusion of the Habitual Criminal count.

The judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*