(No. 29342.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE MONTVILLE, Plaintiff in Error.

*Opinion filed May 21, 1946.*

GEORGE MONTVILLE, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, C. D. PEMBERTON, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

At the July term, 1940, the grand jury of the criminal court of Cook county returned three indictments against plaintiff in error, George Montville, Nos. 40-1138 and 40-1140 for the crime of assault with intent to murder, and No. 40-1141 for the crime of burglary. He was arraigned on August 1, 1940, and pleaded not guilty, and the cause was continued to August 19, 1940. On that date the court, of its own motion, appointed Benjamin C. Bachrach, public defender, as counsel for plaintiff in error in all

three of said causes, and on the same date plaintiff in error pleaded guilty to burglary under indictment No. 40-1141.

Later, on August 23, 1940, the defendant withdrew his pleas of not guilty in causes Nos. 40-1138 and 40-1140, and entered a plea of guilty of assault with intent to murder. The record then shows the defendant was "advised as to the nature of the charges in the indictments, and being informed, warned and cautioned" by the judge "as to the effect of Pleas of Guilty and the penalty provided by law for the offense to which said Defendant now pleads Guilty," and which the court had the power to impose, "but the defendant persists in his pleas of guilty," which were ordered received and entered of record by the court.

The defendant urges his counsel was incompetent and improperly appointed. We have before us only the common-law record, with no bill of exceptions. The incompetency of counsel cannot be raised unless there is a bill of exceptions. (*People* v. *Childers,* 386 Ill. 312.) He also contends he was not sufficiently advised of the effect of a plea of guilty, but the recitals in the record, as above, show the statute was fully complied with. *People* v. *Corbett,* 387 Ill. 41.

In his argument plaintiff in error indicates he had an attorney of his own, who was not in court. There is nothing in the record to substantiate this, and we are not permitted to consider matters of fact not in the record or saved by a bill of exceptions. The appointment of the public defender by the court seems to have been voluntary upon the part of the court, but no exception or objection was registered by plaintiff in error, and while it would be improper to appoint the public defender over the objection of plaintiff in error or to take the place of counsel which a defendant might select himself, there is nothing to show the defendant was deprived of any right, but he was in fact given assistance not required by law to have extended to him.

In his argument plaintiff'in error assumes that because a defendant is not entitled to the appointment of counsel unless he shows he is unable to employe one, the appointment of the public defender was error. This does not follow. The provision of the statute for the appointment of counsel for an indigent defendant in a criminal case is a beneficent one, for the protection and assistance of the defendant. If the court should appoint one without the defendant making the showing under oath, required by the statute, it would not be error, but would be extending assistance under conditions not required by law, and to which the People could not object. The appointment of the public defender in the present case comes within the same class. It was not necessary to appoint him under the showing made in the record, but having been appointed, the defendant received the benefit of counsel when, under the conditions existing, it was unnecessary that counsel be appointed. Over and above all of this the defendant entered a plea of guilty, which amounts to a waiver of any objections that he might have to the appointment of the public defender.

He finally contends he was denied due process of law. There was no unreasonable haste in the proceedings. He was arraigned on August 1, 1940, and after his plea of not guilty the cause was continued until August 19, a period of almost three weeks. There is no bill of exceptions or anything else to show any protest was made that the time was too short for the preparation for trial, but on the contrary the defendant withdrew his plea of not guilty and entered pleas of guilty. In the absence of any showing by a bill of exceptions or anything that discloses the defendant was deprived of any right or of an opportunity for a fair trial, the objection that he was denied due process of law must be overruled.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*