(No. 29354.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNA EDMOND RUSSELL, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

VERNA EDMOND RUSSELL, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN PAUL DAVIS, State's Attorney, of Jonesboro, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

November 27, 1944, the defendant, Verna Edmond Russell, was convicted in the circuit court of Union county upon his plea of guilty of the crime of taking indecent liberties with a female child fourteen years of age. He was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to twenty years, with an

advisory recommendation that he serve not less than ten nor more than twenty years. Appearing *pro se,* he prosecutes this writ of error. No bill of exceptions has been filed. The assignments of error, therefore, must be considered solely upon the common-law record.

Charging the violation of his constitutional rights, defendant first contends that the court erred in not appointing counsel to represent him. The right to representation by counsel is personal to a defendant and may be waived or claimed as he himself elects, as no duty rests upon the court to provide legal assistance for an accused unless he states upon oath his inability to procure counsel. The failure to appoint counsel is not error where it does not appear that the defendant asserted his right to have an attorney appointed to represent him. *People* v. *Stack,* 391 Ill. 15; *People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587; *People* v. *Corbett,* 387 Ill. 41.

Defendant next urges that he was denied a reasonable time and opportunity to prepare a proper defense, thereby depriving him of his liberty without due process of law. So far as the common-law record discloses, defendant did not request additional time within which to prepare his defense.

Defendant insists that the court erred in not hearing evidence in aggravation or mitigation of the offense on his plea of guilty. In the absence of a bill of exceptions and where, as here, the common-law record is silent in this respect, the right to such a hearing will be deemed waived. *People* v. *Farris,* 392 Ill. 267; *People* v. *Bernovich,* 391 Ill. 141; *People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583.

The judgment of the circuit court of Union county is affirmed.

*Judgment affirmed.*