(No. 29887.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY BUTE, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

Roy Bute, *pro se.*

George F. Barrett, Attorney General, and Charles A. Helffrich, State's Attorney, of Ottawa, for the People.

Mr. Justice Wilson delivered the opinion of the court:

By two separate indictments returned in the circuit court of La Salle county on June 17, 1938, the defendant, Roy Bute, fifty-seven years of age, was charged with the crime of taking indecent liberties with a child. In the first indictment the child was an eight-year-old girl; in the second an eleven-year-old girl. On June 20, 1938, the defendant was duly arraigned and entered a plea of guilty to both indictments. Defendant was thereupon sentenced to imprisonment in the penitentiary for a term of from one to twenty years on each indictment, the sentences to run consecutively and not concurrently. Appearing *pro se,* Bute prosecutes this writ of error. No bill of exceptions has been filed.

Defendant first contends that he was denied representation by counsel. The common-law record discloses neither an attempt to appear and defend by counsel nor a request that the court assign counsel to conduct the defense. There is no showing that defendant was denied representation by counsel of his own choosing and, in the absence of a request, there was no duty upon the court to appoint counsel for him. *People* v. *Russell,* 394 Ill. 192; *People* v. *Stack,* 391 Ill. 15; *People* v. *Fuhs,* 390 Ill. 67; *People* v. *Childers,* 386 Ill. 312.

Defendant next complains that the trial court did not advise him of his right to have the assistance of counsel and asserts that an affirmative waiver of the right to counsel must appear upon the face of the record. The right

to be heard by counsel is guaranteed by section 9 of article II of our constitution. The right to have counsel appointed by the court is granted by statute. (Ill. Rev. Stat. 1945, chap. 38, par. 730.) Defendant's argument relates solely to the right to have the assistance of counsel appointed by the court. There is no mandatory constitutional requirement that counsel be assigned to an accused. Indeed, due process under the fourteenth amendment to the Federal constitution does not, require that counsel be assigned to accused, even where requested. (*Betts* v. *Brady,* 316 U. S. 455.) Our statute provides that when a person charged with a crime shall state upon oath that he is unable to procure counsel the court shall assign him competent counsel. (Ill. Rev. Stat. 1945, chap. 38, par. 730.) We have repeatedly held that the right to representation by counsel is personal to a defendant and may be waived or claimed as he himself elects, and that no duty rests upon the court to provide legal assistance for an accused unless he states upon oath his inability to procure counsel. (*People* v. *Russell,* 394 Ill. 192; *People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587; *People* v. *Corbett,* 387 Ill. 41.) Nor is there any requirement, constitutional or statutory, that the court advise defendant of his rights under the statute. (*People* v. *Corrie,* 387 Ill. 587; *People* v. *Lavendowski,* 326 Ill. 173; *People* v. *Kawoleski,* 310 Ill. 498.) Furthermore, there is no requirement that the waiver of the statutory right to counsel appear upon the face of the judgment order. In the absence of a showing in the record to the contrary, the presumption obtains that the court discharged its duty to the defendant in all respects. *People* v. *Fuhs,* 390 Ill. 67; *People* v. *Corbett,* 387 Ill. 41.

The third error assigned as ground for reversal is that the statute relating to the appointment of counsel in criminal cases violates both the State and Federal constitutions because it places on a defendant the duty to know of his right to counsel and discriminates against those who do

not know the law in favor of those who are conversant with the statute. This question was not raised in the trial court and it cannot be raised for the first time in a court of review. *People* v. *Berglin,* 309 Ill. 488.

Defendant next asserts that he was rushed to trial with such expedition as to deprive him of a fair trial. The indictments were presented on June 17, 1938, and on the third day thereafter defendant was arraigned, pleaded guilty and sentenced. This cause being here on the common-law record, the extent of our inquiry is circumscribed by what that record contains. (*People* v. *Burnett,* 395 Ill. 179; *People* v. *Conn,* 391 Ill. 190.) Since there is no indication in the record that defendant either requested or was refused additional time within which to prepare his defense, the contention is without merit. *People* v. *Foster,* 394 Ill. 194; *People* v. *Russell,* 394 Ill. 192; *People* v. *Street,* 353 Ill. 60.

Defendant further contends that the sentence of imprisonment is illegal because it was imposed without the trial court making a finding of guilt. It will be observed that defendant entered a plea of guilty. Under such circumstances, it follows, as a legal inference, that the court finds the defendant guilty and it is not necessary for the court to enter such finding. *People* v. *Werner,* 364 Ill. 594; *Hoch* v. *People,* 219 Ill. 265. See: *People* v. *Andrae,* 295 Ill. 445; *People* v. *Rave,* 392 Ill. 435.

Lastly, defendant urges reversal on the ground that he was sentenced for the offense of taking indecent liberties with children, an offense not charged in the indictments. In the first count of each indictment defendant is charged with taking indecent liberties with a child—not with children. Defendant's objection is hypercritical. Moreover, the judgment orders, so far as pertinent, read: "Thereupon the said defendant enters his plea of guilty of the crime of taking indecent liberties with children in manner and form as charged in the first count of the indictment

herein." The law does not require specific repetition and it is sufficient that the judgment order recites a plea of guilty in manner and form as charged in a particular count of the indictment. *People* v. *Wooten,* 392 Ill. 468; *People* v. *Jensen,* 392 Ill. 72; *People ex rel. Hutchinson* v. *Murphy,* 188 Ill. 144.

The judgments of the circuit court of La Salle county are affirmed.

*Judgments affirmed.*