(No. 29958.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES EVANS, Plaintiff in Error.

*Opinion filed September 18, 1947.*

CHARLES EVANS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

September 19, 1939, the defendant, Charles Evans, was indicted in the circuit court of St. Clair county for the crime of rape. Defendant pleaded guilty and, on December 22, 1939, judgment was entered sentencing him to imprisonment in the penitentiary for life. Appearing *pro se,* Evans prosecutes this writ of error. No bill of exceptions has been filed.

Defendant first contends that a judgment of conviction resulting from a plea of guilty obtained through coercion, trickery, or false promises, violates the due-process-of-law clause of the fourteenth amendment to the Federal constitution. In the absence of a bill of exceptions, this contention is not open to consideration. Defendant's brief contains a long "History of the Case." His reply brief contains an extended discussion of the matters described in the principal brief. The common-law record affords no basis for any of the charges in defendant's briefs with respect to promises alleged to have been made by an assistant State's attorney. As frequently observed, the record imports verity and cannot be contradicted by statements in the briefs. *People* v. *Conn,* 391 Ill. 190.

The second contention urged is that the trial court erred in sentencing defendant without hearing witnesses in aggravation or mitigation of the offense. Where the court has discretion as to the extent of the punishment, if neither the defendant nor the People request an examination of witnesses as to the aggravation or mitigation of the offense, the examination and hearing are deemed to have been waived. (*People* v. *McElhaney,* 394 Ill. 380; *People* v. *Kessler,* 394 Ill. 26; *People* v. *Conn,* 391 Ill. 190; *People* v. *Bernovich,* 391 Ill. 141; *People* v. *Childers,* 386

Ill. 312.) The record discloses no request for such an examination. The judgment order recites that the trial court requested a statement of the facts from the State's attorney and, after receiving the statement, found defendant guilty of the crime of rape in manner and form as charged in the indictment. Defendant was in open court when this statement was made and, so far as the record discloses, did not challenge its veracity in any respect and, in particular, did not request the court to hear witnesses for the purpose of contradicting any part of the statement made. In any event, the second contention cannot be considered without a bill of exceptions. *People* v. *Childers,* 386 Ill. 312; *People* v. *Pennington,* 267 Ill. 45.

Defendant's third contention is that the judgment of conviction was obtained through denial of counsel to him in contravention of the Federal constitutional guaranty of due process of law. The assertion is made that the trial court at no time informed defendant of his constitutional right to counsel; that he was ignorant of his right to the assistance and benefit of counsel and that, accordingly, at no time competently and intelligently waived his right in this regard either by word or action. There is no mandatory constitutional requirement that counsel be appointed to represent an accused. Nor does the due-process-of-law clause in the fourteenth amendment to the Federal constitution require that counsel be assigned to an accused, even where requested. (*Betts* v. *Brady,* 316 U. S. 455.) It is firmly established that the right to representation by counsel is personal to a defendant and may be waived or claimed as he himself elects, and that no duty rests upon the court to provide legal assistance for an accused unless he states, upon oath, conformably to our statute, (Ill. Rev. Stat. 1945, chap. 38, par. 730,) his inability to procure counsel. (*People* v. *Bute,* 396 Ill. 588; *People* v. *Batey,* 392 Ill. 390; *People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587; *People* v. *Corbett,* 387 Ill. 41.) Nor is there

any requirement, constitutional or statutory, that the court advise defendant of his rights under the statute. (*People v. Bute,* 396 Ill. 588; *People v. Corrie,* 387 Ill. 587.) The presumption obtains, in the absence of an affirmative showing in the record to the contrary, that the court discharged its duty to the defendant in all respects.

The judgment of the circuit court of St. Clair county is affirmed.

*Judgment affirmed.*