(No. 30101.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS HICKS, Plaintiff in Error.

*Opinion filed September 18, 1947—Rehearing denied Nov. 17, 1947.*

MORRIS HICKS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Morris Hicks, who appears *pro se,* was indicted in the city court of East St. Louis, in St. Clair County, at the November, 1932, term of said court. The

indictment consisted of three counts charging him in different form with the murder of one Neal Garner. He entered a plea of guilty and was sentenced by the court to the Illinois State Penitentiary at Menard for a term of 99 years.

The common-law record as filed by plaintiff in error contains a copy of the indictment, the criminal *capias,* and the orders and judgment of the trial court. This record discloses that on January 6, 1932, the grand jury returned its indictment in open court charging plaintiff in error with the crime of murder. Two days later plaintiff in error appeared in open court, was furnished with a copy of the indictment and a list of the witnesses, at which time he entered a plea of not guilty. The record discloses that at that time he advised the court he had employed counsel for his defense. Counsel not appearing of record, an order was entered on January 28 appointing counsel for plaintiff in error's defense. On February 4, 1932, plaintiff in error appeared in open court with his counsel so appointed, withdrew his plea of not guilty and entered a plea of guilty to the charge of murder as charged in the indictment. The court, after fully explaining to plaintiff in error the consequences of such plea of guilty and after the defendant persisted in such plea, found him guilty of murder, and judgment was entered sentencing him to the penitentiary, as above indicated.

Plaintiff in error claims that the court did not allow him counsel of his own choice and erred in appointing counsel at its own motion. The record shows that the court appointed counsel to defend him, and no objection appears to have been made to such appointment. Plaintiff in error argues that because the record does not show that he asked for counsel or attempted to bring himself within the rule requiring counsel to be appointed for him, the court erred in appointing counsel for his defense. While, under the conditions appearing in the record, it was un-

necessary that counsel be appointed, it was not error to extend assistance to plaintiff in error beyond that required by law. By his plea of guilty plaintiff in error waived any objection he might have to the appointment of counsel for his benefit. *People* v. *Montville*, 393 Ill. 590.

It is next contended that the court erred by proceeding to enter judgment in the absence of a formal waiver of trial by jury. In this connection, we have held that the defendant's plea of guilty itself constitutes a waiver of trial by jury. *People* v. *Braner*, 389 Ill. 190; *People* v. *Corrie*, 387 Ill. 587.

Complaint is made that the court did not hear any evidence in mitigation or aggravation of the offense, prior to entering judgment, as required by statute. The common-law record is silent as to whether evidence on this question was heard and it does not disclose that either the State's Attorney or plaintiff in error requested the trial court to hear witnesses on this point before passing sentence. Under these circumstances, it is presumed that plaintiff in error waived any hearing on that subject. Furthermore, where the record shows that the consequences of his plea of guilty were fully explained to plaintiff in error before his plea of guilty was entered, it is not necessary that an affirmative showing be made that the court heard evidence in mitigation or aggravation of the offense. *People* v. *Farris*, 392 Ill. 267; *People* v. *Bernovich*, 391 Ill. 141; *People* v. *Gerke*, 332 Ill. 583.

Other errors assigned by plaintiff in error cannot be considered because of the absence of a bill of exceptions. The common-law record discloses that the trial court accorded to plaintiff in error all the rights and protection afforded him by the constitution and statutes of the State of Illinois.

The judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*