(No. 31066.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL KOCIELKO, Plaintiff in Error.

*Opinion filed September 22, 1949.*

PAUL KOCIELKO, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JAMES IRVING PEARCE, State's Attorney, of Joliet, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Paul Kocielko, and five others, were charged with murder by an indictment returned to the November, 1941, term of the circuit court of Will County. The court appointed Rudolph C. Schoenstedt and Thomas F. Donovan as counsel for five of the defendants, including plaintiff in error. Through counsel, plaintiff in error made a verbal motion to quash the indictment, which motion was denied. On the same day plaintiff in error entered a plea of not guilty which he withdrew eleven days later and, after being duly admonished by the court, entered a plea of guilty. The court entered judgment on the latter plea, sentencing plaintiff in error to the penitentiary for life. Appearing *pro se,* he now seeks a review of the judgment in this court. He has presented the common-law record for our consideration but no bill of exceptions.

The first contention of plaintiff in error is that the indictment is erroneous and void in that it does not contain the signature of the foreman of the grand jury and a list of the witnesses upon whose evidence the indictment was

found, and that the court erred in failing to sustain his motion to quash. The transcript of record certified by the clerk of the trial court and filed herein lacks the indorsements as alleged. Counsel for the People attributes this shortcoming to the failure of the clerk to include in his transcript the back of the indictment where such indorsements ordinarily appear, but has filed no additional record. Such a matter, however, is one which can be raised only by a motion to quash the indictment and the ruling thereon preserved by a bill of exceptions. (*People* v. *Corbett,* 387 Ill. 41.) The motion to quash in this case was oral and there is nothing in the record before us to show whether or not the motion specified wherein the indictment was defective, nor does the court's ruling indicate that specific objections were considered. It is well established in this State that an oral general motion to quash an indictment, made without specifying any particulars wherein the indictment is defective, operates as a general demurrer. (*People* v. *Fox,* 346 Ill. 374; *People* v. *Nelson,* 320 Ill. 273.) A motion made in such a manner raises only those points concerning defects in substance and not merely those in form. The ruling of the trial court in denying the motion cannot be held erroneous by this court unless there are such defects as affect the substance of the indictment to such an extent as will render the indictment insufficient to support the judgment. (*People* v. *Brosnan,* 361 Ill. 545; *People* v. *Munday,* 293 Ill. 191.) An examination of the substance of the indictment before us indicates that the offense is charged in the language of the statute and is ample to support the judgment of conviction against plaintiff in error. Having failed to make and preserve specific objections as to the indorsements on the indictment, he cannot now raise the question on the record before this court. *People* v. *Corbett,* 387 Ill. 41.

Plaintiff in error next contends that although Thomas F. Donovan was appointed by the court to defend him, it

was Thomas F. Donovan, Jr., whom he claims was inexperienced and incompetent, who appeared in court to defend him. An examination of the record discloses that this is but a self-serving statement on the part of plaintiff in error, for the record recites that Thomas F. Donovan appeared as counsel when plaintiff in error made his motion to quash, entered his plea of not guilty, entered an amended plea of guilty, and when judgment and sentence were pronounced. The last entry of the common-law record recites that fees as defense counsel were allowed to Thomas F. Donovan, Jr., and it is on this entry alone that plaintiff in error alleges that the trial court erroneously allowed a substitution for appointed counsel. We must hold that the record before us does not support the contention that Thomas F. Donovan, Jr., rather than Thomas F. Donovan acted as defense counsel. Plaintiff in error's assertions are based on matters completely outside the record, which we are not at liberty to consider. The allowance of fees after trial could in no way prejudice plaintiff in error, affect his guilt or innocence, or the fairness of his trial. It should be noted, too, that, whoever acted as counsel, plaintiff in error made no objection to his appointment, appearance, or competency throughout the course of the proceeding. He does not attack, even in this court, the appointment or competency of Schoenstedt, the co-counsel, whom the record shows was present with Thomas F. Donovan at all court sessions involving this cause, thus we may assume that he at all times had the benefit of competent counsel with whom he was entirely satisfied. Even if objections as to the junior Donovan's competency were appropriately made, they could not be considered by this court in the absence of a bill of exceptions. *People* v. *Childers,* 386 Ill. 312; *People* v. *Montville,* 393 Ill. 590.

Although the record does not show that a request was made, plaintiff in error urges that the court erred in not hearing evidence in aggravation or mitigation of the offense.

We have repeatedly held that, in the absence of a request, such hearing will be deemed to have been waived. *People v. Carter*, 398 Ill. 336; *People v. Thompson*, 398 Ill. 114; *People v. Throop*, 359 Ill. 354.

The judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*