(No. 32251.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL KOCIELKO, Plaintiff in Error.

*Opinion filed November 20, 1952.*

PAUL KOCIELKO, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN IRVING PEARCE, State's Attorney, of Joliet, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Paul Kocielko, hereinafter known as petitioner, filed a petition under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832,) in the circuit court of Will County, alleging that his constitutional rights under the constitutions of the United States and the State of Illinois had been violated. The State's Attorney of Will County filed a motion to strike the petition and after a hearing the circuit court sustained the motion and dismissed the petition. On this hearing the petitioner was represented by the public defender of Will County, Thomas W. Vinson.

The petitioner now seeks a review of the judgment by writ of error from this court. No certified bill of exceptions has been filed but petitioner has presented as ex-

hibits to his petition the common-law record; a transcript of evidence taken at the trial in 1941, including copies of written statements signed by petitioner and the other five defendants, with affidavits, photostats of newspaper articles and copies of proceedings heretofore had in the circuit court of Will County.

The records and exhibits in the case disclose the following facts. The petitioner, together with five other defendants were indicted in the circuit court of Will County in November, 1941, charged with murder. They were all arraigned in court on November 6, 1941. Each defendant was furnished with a copy of the indictment and a list of witnesses and jurors. Five of the number were without counsel, and the court appointed two attorneys, Rudolph C. Schoenstedt and Thomas F. Donovan, Jr., to represent them. The other defendant was represented by his own attorney, a member of the bar of Will County. On the same date motions to quash the indictment were made and overruled. The defendants then entered pleas of not guilty and the cause was set for trial on November 17, 1941. The court afforded the defendants full opportunity to confer with the attorneys appointed to defend them and to prepare their defense.

On Monday, November 17, the defendants were brought into court for trial. The records show that the defendants were in court in person and by counsel. The State's Attorney announced he was ready for trial but the defendants' attorneys asked for further time to confer with their clients. Accordingly, the hearing was postponed until 1:30 in the afternoon. At 1:30 all the defendants appeared in court and the State's Attorney again announced that he was ready for trial. At that time the attorneys for the defense represented to the court that the defendants wished to withdraw their pleas of not guilty and to interpose pleas of guilty. The court promptly advised the defendants of their constitutional rights, including the right to a trial by

jury. They were also warned by the court of the consequences of a plea of guilty. The defendants persisted in their pleas of guilty and after another complete warning by the court, still insisted upon the pleas of guilty. The court then entered judgment on the pleas of guilty, reserved sentence, and continued the case until November 18. At that time the State put in its complete case. Aside from other testimony, six written statements, one by each of the defendants, were admitted in evidence without objection.

The statements were in the form of questions and answers and signed. Each statement contained a full confession of guilt. At the bottom of each statement appeared an attestation clause signed by the other five defendants certifying that the statement was read by them, that they fully understood the same, and that the contents were true insofar as the statement related to such defendants.

The statement made by the petitioner recited among other details that he, with the other defendants, planned to "stick up a place" on the night in question; that he procured from under the davenport in his home a sawed-off shotgun and five revolvers and distributed them to the other defendants; all the guns were identified by him; that while thus armed they drove to Olson's tavern in Lockport, Illinois; that the group then divided and some entered at the front door of the tavern and the others at the rear entrance, all with handkerchiefs covering their faces; that they announced that this was a "stick-up" and three shots were fired while they were in the course of robbing the place.

From the other statements it appeared that as a result of the shooting, the proprietor, Iver Olson, was killed. After the testimony was closed, the judge sentenced each defendant to the Illinois State Penitentiary for the term of life imprisonment. This all occurred during the month of November, 1941. In September, 1949, the plaintiff in error, Paul Kocielko, sought by writ of error in this court

a review of the judgment of the circuit court of Will County. He presented his cause on the common-law record. It was claimed by the plaintiff in error that the indictment was erroneous because it was not properly endorsed by the foreman of the grand jury. He also alleged that the counsel appointed for him was incompetent and that he did not receive his proper defense on the hearing in the circuit court of Will County; further, that he was not given a hearing on aggravation or mitigation of the offense. His petition for review was overruled and judgment of the circuit court of Will County affirmed in this court. (*People* v. *Kocielko,* 404 Ill. 54.) The petitioner now complains that he was arrested in his home without a warrant; that he was held incommunicado for a period of eight days in the city jail in the city of Joliet; that he was not taken before a magistrate within the time described by the Federal constitution or the State constitution; that the indictment was faulty; that petitioner was appointed incompetent counsel to conduct his defense; that he never signed any jury waiver; that he was beaten, abused, and that his plea of guilty was coerced and given through faulty advice of the appointed counsel, and for other reasons of a technical nature. He insists that because of the foregoing points he was denied due process of law under the constitutions of the United States and State of Illinois.

Of the claims of the petitioner only those concerning the coerced character of his confession and the incompetency of his counsel warrant discussion. Concerning the latter claims, there is no suggestion of lack of competency save as the petitioner charges it. As to the confession, the record shows that no such claim was made at his trial. The testimony of the chief of police with respect to the circumstances of the confession was not contradicted by petitioner or by any of his codefendants. And the unsupported charge of coercion is somewhat inconsistent with

petitioner's other claim that his confession was induced by a promise of leniency.

The transcript of the original proceedings shows that the trial court very carefully accorded to petitioner and his associated defendants every opportunity of asserting their rights, constitutional or otherwise. Petitioner had the opportunity of presenting his claims at the time his written statement was taken, upon arraignment in the circuit court, and at the time he was called upon to plead, as well as upon the repeated warnings of the court as to the consequences of a plea of guilty.

We do not find from the complete record in this case that petitioner has been denied any substantial constitutional rights and the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*