(No. 28625.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARICE LEROY CARTER, Plaintiff in Error.

*Opinion filed November 21, 1945.*

HARICE LEROY CARTER, *pro se.*

GEORGE F. BARRETT, Attorney General, and HUBERT H. EDWARDS, State's Attorney, of Pontiac, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a review on writ of error sued out by plaintiff in error *pro se,* seeking reversal of a judgment of the circuit court of Livingston county sentencing him to the penitentiary for 99 years on a charge of murder and his plea of guilty thereon. No bill of exceptions has been filed. The only questions, therefore, that this court can consider are those on the common-law record.

His first contention is that the court erred in not appointing an attorney to represent him during arraignment. The right to be represented by counsel is one which the defendant may waive or claim, as he shall determine. No duty rests upon the court to provide legal assistance for an accused, unless he states, under his oath, his inability to procure counsel, and expresses a desire to have the court appoint one for him. (*People* v. *Braner,* 389 Ill. 190; *People* v. *Corrie,* 387 Ill. 587; *People* v. *Childers,* 386 Ill. 312.) There being no bill of exceptions, and it not appearing that plaintiff in error sought to have an attorney appointed for him, this assignment of error cannot be sustained. *People* v. *Stubblefield, post,* p. 609; *People* v. *Stack, ante,* p. 15; *People* v. *Braner,* 389 Ill. 190.

Others errors assigned relate to his complaint that he was deprived of due process of law by reason of the method of his arrest and that he did not have a fair trial based upon competent evidence. There is no basis in the common-law record on which the court can review such questions. Therefore they cannot be considered. *People* v. *Lantz,* 387 Ill. 72; *People* v. *Bertrand,* 385 Ill. 289; *People* v. *Keller,* 353 Ill. 411.

The judgment of the circuit court of Livingston county is affirmed.

*Judgment affirmed.*