(No. 29901.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES SKINNER, Plaintiff in Error.

*Opinion filed May 22, 1947.*

CHARLES SKINNER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and MOREY C. PIRES, State's Attorney, of Dixon, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

An indictment was returned in the circuit court of Lee county at the April term, 1935, against plaintiff in error,

Charles Skinner, charging him with the crime of murder. Counsel was appointed to represent him and, after a trial by jury, he was found guilty and his punishment fixed at life imprisonment in the penitentiary. On April 22, 1935, he was sentenced in accordance with the verdict. Plaintiff in error, appearing in this court *pro se,* presents only the common-law record.

Plaintiff in error contends the indictment, consisting of five counts, is defective. Count one charges in the usual form that plaintiff in error shot Olive Derwent on January 30, 1935, which resulted in her death on February 6, 1935. Count two charges the shooting on January 30, 1935, resulting in the death of Olive Derwent a short time thereafter. The third was similar to the first and count four was in short form charging plaintiff in error with shooting Olive Derwent on January 30, 1935, and killing her. Count five charges a felonious assault on Olive Derwent on January 30, 1935, by means unknown, which resulted in her death on February 6, 1935.

Plaintiff in error contends that count four is erroneous because it shows a different date of death from the other counts and that as a result said counts are contradictory. To be specific, he contends that count four charges instant death and the other counts show the deceased was shot on January 30, 1935, and died on February 6, 1935. The indictment was sufficient to sustain the conviction of the crime of murder and sufficiently sets out that death occurred within a year and within the statute of limitations. (*People* v. *Powell,* 353 Ill. 582; *People* v. *Corder,* 306 Ill. 264.) The rule is that one good count will sustain an indictment where there is a general verdict of guilty, and if any one count is technically sufficient, it need not be determined on review whether the others are sufficient. *People* v. *Waitches,* 368 Ill. 302; *People* v. *Donahoe,* 279 Ill. 411; *Mayes* v. *People,* 106 Ill. 306.

It is urged by plaintiff in error that the allegations in counts one, two and three are contradicted by the allegations in count five for the reason that it is charged in count five that the instrument or weapon alleged to have been used was to the grand jurors unknown, while in the preceding counts it is alleged that the assault was made with a pistol and that the manner of assault was known to the grand jury. It is true the means whereby life was taken must be averred if known, but where an indictment for murder contains more than one count it is sufficient if any one count be good to sustain a general verdict of guilty. (*Mayes* v. *People,* 106 Ill. 306.) A similar objection was raised in the case of *People* v. *Sink,* 374 Ill. 480, and there, as here, it appeared that proof was made to sustain a good count in the indictment and that was sufficient to sustain a general verdict. No objection has been made to counts one, two and three of the indictment. A general verdict having been returned and there being no objections to counts one, two and three, it appears that there are sufficient valid counts to sustain the verdict of the jury.

Plaintiff in error contends that (1) the verdict neglects to specify the degree of murder, (2) neglects to contain the phrase, "in manner and form as charged in the indictment," and (3) neglects to name the person who represents the defendant, or to name the defendant.

As to the first contention, we do not think it is necessary for the verdict to specify the degree of murder. Our statute recognizes no degrees in the crime of murder. *People* v. *Heffernan,* 312 Ill. 66.

The next contention that the verdict fails to use the phrase "in manner and form as charged in the indictment" is inconsequential. This court has held that a verdict in a murder trial which recites that the jury finds the defendant guilty of murder means that the defendant is found

guilty in manner and form as charged in the indictment though such words are not used. *People* v. *Steinkraus,* 291 Ill. 283.

It is further contended the verdict is void because it fails to name the defendant. A verdict simply finding "the defendant" guilty without specifying the plaintiff in error by name is not void for uncertainty where it is manifest from the record that the verdict could not refer to any other defendant. (*Hronek* v. *People,* 134 Ill. 139.) The record here clearly shows plaintiff in error is the defendant found guilty of murder.

Plaintiff in error also contends that the *mittimus* is erroneously dated April 20, 1935, and that such date is error in that the judgment was entered and sentence imposed on April 22, 1935. From an examination of the record we find that judgment was entered and sentence imposed on April 22, 1935, and while the penitentiary mittimus or warrant of commitment is no part of the record of conviction, (*People* v. *Wagner,* 390 Ill. 384,) an examination of the *mittimus* as shown by the additional abstract filed in this case reveals that the *mittimus* is correctly dated. Plaintiff in error's contention, therefore, is not supported by the record.

Plaintiff in error has filed and attached to the common-law record a copy of the certificate of death of Olive Derwent, which follows the certificate of the clerk of the circuit court of Lee county, and is not included in his certificate. Not properly being a part of the common-law record, and no bill of exceptions being filed, this court is without authority to consider such death certificate.

No error appearing in the record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*