(No. 29620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD LOFTUS, Plaintiff in Error.

*Announcement made September 21, 1948.*

Per CURIAM: Donald Loftus, defendant, was convicted in the circuit court of McHenry County, Illinois, on four indictments, two for armed robbery, and two for burglary. On writ of error the judgments of conviction were affirmed in 395 Ill. 479. Defendant applied for *certiorari* to the Supreme Court of the United States, which was allowed, and on June 14, 1948, said court made an announcement in cause No. 59 of the October term, 1947, of said court, the purport of which amounts to an inquiry as to the correct Illinois practice as to the manner in which lack of due process of law under the fourteenth amendment may be raised in courts of appellate jurisdiction, reviewing a conviction shown only by the common-law record.

The particular lack of due process in the present case is claimed to arise from a failure of the trial court to appoint counsel to defend plaintiff in error. The inquiry of the court requires an expansion of the opinion originally rendered, and an examination of the general modes afforded by the Illinois law to test the validity of the conviction of a criminal offense.

In general, three methods are provided: (1) review by writ of error, which is allowed in all felony cases, to

the Supreme Court; (2) by a petition for writ of *habeas corpus;* and, (3) by the application for a writ of error *coram nobis,* or, as it is now designated, a motion under section 72 of the Civil Practice Act. And each of these methods has a distinct application, depending upon the circumstances of each particular case.

A writ of error is of ancient origin, and tests the record made in the case by the trial court. The record in the trial court may consist only of the mandatory record, *viz.,* indictment, arraignment, plea, trial and judgment. (*Cullen v. Stevens,* 389 Ill. 35.) This appears in the clerk's record in every case, whether there is a plea of guilty or a trial. The record may include also a bill of exceptions, which consists of all of the motions and rulings of the trial court, evidence heard, instructions, and other matters which do not come directly within the clerk's mandatory record. This may be only a part of the record on review when a bill of exceptions is prayed and allowed, and certified by the court. When this is done the record consists of all proceedings in the case from the time of the convening of the court until the termination of the trial. In the instant case the record consists of the mandatory proceedings only.

The statute provides also that it is the duty of the court to appoint counsel for the accused when he states upon oath that he is unable to procure counsel. (Ill. Rev. Stat. 1947, chap. 38, par. 730.) To this provision the exception is that in capital cases it is mandatory for the court to appoint counsel. Therefore, when the review is had upon the common-law record, the sole matter only that may be considered by the court is error appearing upon the face of the record, and matters may not be added by argument, affidavit, or otherwise, to supply or expand the record. The case must stand or fall upon the errors appearing in the record. Of course, where there is a bill of exceptions, which includes motions, evidence, rulings on evidence, instructions, and the like, and such bill of excep-

tions is made a part of the record, errors may be reached by the remedy of writ of error. No bill of exceptions was saved in the present case.

The second method for reviewing a conviction of a crime, where the prisoner is under confinement, is by application for writ of *habeas corpus*. A number of grounds for the issuance of such a writ may be found in chapter 65 of the Illinois Statutes, but the sole pertinent ground here would be confinement in the penitentiary under a judgment of conviction which is void. Such ground has been frequently upheld by Illinois law, (*People ex rel. Georgetown* v. *Murphy*, 202 Ill. 93; *People ex rel. McGee* v. *Hill,* 350 Ill. 129; *People ex rel. Maglori* v. *Siman,* 284 Ill. 28; *People ex rel. Melton* v. *Whitman,* 243 Ill. 471,) and by the Supreme Court of the United States. *House* v. *Mayo,* 324 U. S. 42, 89 L. ed. 739; *Rice* v. *Olson,* 324 U. S. 786, 89 L. ed. 1367.

The petition for writ of *habeas corpus* may be filed originally in the Supreme Court. The usual procedure has been to form an issue of law by demurrer, or motion to strike the petition, or like action, directly to the return of the officer. In either event the demurrer admits the matter well pleaded, and thus, either the facts of the petition or the return being admitted, the question of law is presented. The issues of fact cannot be determined in the Supreme Court because the law does not afford a means for the court to take testimony, so recourse must be had to the appointment of a commissioner, although no method for compensation for such commissioner has been provided by law. This omission for hearing evidence on *habeas corpus* in the Supreme Court is compensated for partially by granting original jurisdiction to the circuit courts to hear *habeas corpus* cases upon petition, and to hear evidence, and the judgment of such circuit court is a final order, but is not appealable to the Supreme Court of the State, except in extradition cases. No *habeas corpus* can operate as a

writ of error. *People ex rel. Morris* v. *Hazard*, 356 Ill. 448 *People ex rel. Thompson* v. *Nierstheimer, Warden*, 395 Ill. 572.

The third method of review is commonly designated as writ of error *coram nobis*, although now referred to as a motion, in section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 196.) The procedure is an ancient one, and was a process at common law used for the purpose of correcting errors of fact occurring in the trial court, which facts, if known to the court, would have resulted in a different judgment. The errors sufficient for the issuance of such writ have been cited many times, and generally included death of one of the parties prior to the judgment, infancy, coverture, insanity, fraud in procuring jurisdiction, etc. (*People* v. *Gleitsman*, 396 Ill. 499.) From the earliest time the writ has been used in Illinois, for we find a reference to it in *Sloo* v. *State Bank of Illinois*, 1 Scam. 428, where it is declared to be a settled remedy to correct mistakes of fact; and as late as *Schroers* v. *People*, 399 Ill. 428, when it was used where the evidence tended to show the accused was insane at the time of his conviction, a fact which was unknown to the trial court, and had it been known a different result would have followed.

We do not see any great complexity in the application of these various remedies to different states of facts which may occasion their use. A writ of error searches the record as it is made in court, without any aid of extrinsic circumstances. Thus, if there is but a common-law record, nothing but what is contained in the common-law record may be examined. If the common-law record is supplemented by a bill of exceptions, so that the entire trial proceeding is recorded, any error shown by the complete record may be reached by a writ of error. *Habeas corpus* is applicable to a situation, among others, where the judgment is void by reason of matters not appearing in the record. The

claims of the petitioner must be presented to the court, whether the circuit or supreme, by a proper petition showing facts which, if true, would render the judgment void. The writ of error *coram nobis* applies to the relief which would be afforded because of matters which, if known, would have changed the result, and hence is largely a matter for the trial court only.

But in any event, this court's jurisdiction on writ of error, as distinguished from its jurisdiction or that of a lower court on *habeas corpus,* and as distinguished from that of a trial court on proceedings in the nature of writ of error *coram nobis,* is confined to a scrutiny of matters appearing upon the record made by the lower court, with or without a bill of exceptions, as the case may be. (*People* v. *Carter,* 391 Ill. 594, and affirmed sub. nom. *Carter* v. *Illinois,* 329 U. S. 173, 91 L ed. 172, and many other cases.) This is, of course, the general rule in State and United States courts of review where the procedure is by writ of error or appeal. *Claasen* v. *United States,* 142 U. S. 140, 35 L. ed. 966.

In the instant case the contention of the plaintiff in error is that under the particular circumstances the court should have appointed counsel to defend him. If the circumstances are such as to merit such duty, and the court failed in that duty, the Supreme Court of the United States has held the judgment is void for lack of due process of law. (*House* v. *Mayor,* 324 U. S. 42, 89 L. ed. 739; *Rise* v. *Olson,* 324 U. S. 786, 89 L. ed. 1367.) The constitution of the United States and the decisions of the United States Supreme Court are the supreme law of the land, binding upon every court in the land. But, to reach this question it is necessary that a petition bring forth facts, which can be heard and tried by the court, to determine whether or not the particular facts in the case justified the claim of the plaintiff in error.

But the United States Supreme Court also makes it clear that where the record on review leaves it to conjecture whether the accused's circumstances were of such special exigency as to require counsel in a noncapital case, the State Supreme Court or other reviewing court may properly refuse to decide a question that, upon the record before it, it cannot decide; and it may leave the accused to such remedy, whether by way of *habeas corpus, coram nobis* proceeding under a rule of court, or otherwise, as is appropriate under the State's system of procedure. The opinion in *Carter* v. *Illinois,* 329 U. S. 173, 91 L. ed. 172, affirmed this court's judgment in *People* v. *Carter,* 391 Ill. 594, on the ground that, although the defendant's claim that he was unconstitutionally denied counsel at the time of his arraignment raised a Federal question, this court was justified in refusing to entertain that question on a record insufficient to present all of the relevant facts.

In the instant case it does appear from the record that the defendant stated that "his funds were tied up" and that the court denied his unsworn request for counsel after stating that because of circumstances in the previous cases he was disinclined to appoint any counsel, which reasons are not preserved in the record. We therefore cannot say, upon the record now before us, whether there is merit in defendant's claim of Federal constitutional right; for the trial court may or may not have had ample reason, grounded in matter not apparent in the record, for not appointing counsel.

It is obvious that the writ of error *coram nobis* has no application. That must be addressed to the trial court, and if the trial court finds there was some mistake of fact not shown, which would have required a different judgment, such court may allow the writ, set aside the conviction, and supply the defect. It is apparent this writ could not apply here because all the facts appear to be known.

438

From a consideration of the scope of the several remedies allowed in Illinois to a person convicted of crime, it is clear that the error claimed in the failure of the trial court to appoint counsel is not presented so as to be allowed upon writ of error, as it does not sufficiently appear from the record that any rights of the defendant to counsel were refused by the court. Nor did the defendant show by bill of exceptions that he made any proper application to the court requiring the appointment of counsel under the Illinois statute, so as to comply with due process.

To be precise, the position of the court is that the contention of the plaintiff in error cannot be allowed because the record he has tendered does not present a question for our consideration on writ of error.