(No. 31339.—▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BUTLER, Plaintiff in Error.

*Opinion filed May 18, 1950.*

JAMES BUTLER, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On November 1, 1939, the plaintiff in error, James Butler, was indicted in the circuit court of Hancock County for the crime of murder. The murder was committed on October 29, 1939.

On November 2, 1939, he was taken before the court for arraignment and plea. He was furnished with a copy of the indictment and a list of jurors. On the same day he pleaded guilty to the crime of murder; whereupon the court sentenced him to the Illinois State Penitentiary for life.

Appearing *pro se,* the plaintiff in error has sued out of this court a writ of error to review the common-law record of his conviction. The two principal errors assigned are: (1) The plea of guilty was accepted by the court without the appointment of counsel thereby depriving him of due process of law as guaranteed to him by the fourteenth amendment to the Federal constitution. (2) The court erred by not allowing plaintiff in error sufficient time to prepare his case. In the view we take of this case it will be necessary only to consider the first error assigned.

After reciting the facts that the plaintiff in error was furnished with a copy of the indictment and list of witnesses and jurors, the record discloses the following: "* * * and for his said plea tenders and enters a plea of guilty of the crime of murder, as charged in the indictment herein; And the court thereupon duly cautions and admonishes the said defendant of the nature and effect and consequences, and of the penalty attached, to such a plea of guilty, and of his rights in the premises and of his rights to a trial by a jury herein. And the said defendant James Butler still persisting in the said plea of guilty, after such admonishment by the court, and his rights being fully explained to him the said plea of guilty of murder is now taken and accepted and entered by the court herein as a final plea of the said defendant hereto, and the court

now finding the age of the said defendant to be fifty-five (55) years, the same is also entered by the court. Whereupon it is adjudged by the court that the defendant James Butler is guilty of the crime of murder, in manner and form as charged in the indictment herein. * * * It is therefore considered, ordered and adjudged by the court that the defendant, James Butler be now taken from the bar of this court to the common jail of Hancock County, Illinois, from whence he came, and from thence by the Sheriff of this county, to the Illinois State Penitentiary System generally," to be confined in the said .penitentiary system for the term of his natural life, or until he be otherwise discharged by the due process of law.

Defendant in error submits that the record thus shows that plaintiff in error was advised and cautioned by the trial court of his rights in the premises, and of his right to a jury trial, which complied with all the statutory requirements. Further, that all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment, and it is the burden of one seeking reversal to show the proceedings were illegal, citing many noncapital cases, such as *People* v. *Hawley*, 399 Ill. 300; *People* v. *Bassinger*, 403 Ill. 108; *People* v. *Wilson*, 399 Ill. 437.

In the capital case of *People* v. *Bernovich*, 403 Ill. 480, cited by defendant in error, the record in a former review of the case disclosed that the defendant had been advised of his right to counsel by the State's Attorney and court before the plea of guilty was persisted in. By the amendment of 1929 to section 2 of division XIII of the Criminal Code, the General Assembly made a distinction between capital and noncapital cases.

The rule governing appointment of counsel in noncapital cases is fully discussed in *People* v. *Wilson*, 399 Ill. 437. Under the amendment of 1929, the second paragraph of section 2 of division XIII, it is stated: "Whenever it

shall appear to the court that a defendant or defendants indicted in a capital case is or are indigent and unable to pay counsel for his or her defense, it shall be the duty of the court to appoint one or more competent counsel for said defendant or defendants." (Ill. Rev. Stat. 1939, chap. 38, par. 730.) Then provisions were made for the payment of counsel so appointed from public funds.

In construing this section of the statute, this court held, in *People* v. *Williams,* 399 Ill. 452, that: "Observance of the statute imposes two duties on the court, if the defendant appears without counsel. First, he must ascertain whether the accused is unable to employ counsel and if it is found that he is indigent, then the command of the statute is that 'it shall be the duty of the court to appoint one or more competent counsel.' "

The opinion holds further in substance that where a defendant charged with murder is advised and admonished of the consequences of his plea of guilty, but there is nothing in the record indicating that there was any explanation to him of his right to counsel, on which to base a waiver of such right, or any inquiry made to ascertain whether he was able to employ his own counsel, and the record contains nothing from which an intendment can be drawn showing that the court complied with the statute in making such inquiry or in appointing counsel, it must be held that the record fails to show that the defendant understandingly waived his right to have counsel.

This court adheres to and adopts what was said in the *Williams case.* We cannot find in this record any language which shows that the accused knowingly and intelligently waived the right to have counsel appointed to defend him.

Because of the failure to comply with the express command of the statute, the judgment of the circuit court of Hancock County is reversed and the cause remanded for a new trial. *Reversed and remanded.*