(No. 32815.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES GREENE, Plaintiff in Error.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

DAILY, J., took no part.

CHARLES GREENE, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JAMES P. KELLSTEDT, State's Attorney, of Peoria, (FRED G. LEACH, and HARRY L. PATE, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

Plaintiff in error was indicted for murder by the grand jury of Peoria County at the January, 1931, term of the circuit court of that county. Without representation by counsel, he entered a plea of guilty, and was sentenced to

the penitentiary for life. He now brings the common-law record here by writ of error, claiming that he was deprived of rights guaranteed by article II, section 9, of the constitution of Illinois, by the fourteenth amendment to the constitution of the United States, and by section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 730,) in that the court did not advise him of his right to counsel, and accepted his plea of guilty without the appointment of counsel. It is apparently defendant's further position that there was no waiver of his right to counsel, and that in any event such a waiver must be in writing and must be incorporated in the common-law record.

The first reference in the record before us to the appointment of counsel recites: " * * * At the request of said defendant he is given until tomorrow at 9:00 o'clock a.m. to ascertain if he can employ counsel." As to the following day the record continues: "And now the Court fully explaining to the said defendant the consequences of a plea of guilty if entered herein and his right to trial by jury and to appointment of counsel by the Court and the said defendant fully understanding such matters now here in open court waives arraignment and for his plea herein says he is guilty of Murder in manner and form as charged in the Indictment on file in this case."

The common-law record thus squarely refutes defendant's primary contention that he was not advised of his right to counsel. What remains are defendant's contentions that the waiver of counsel by the defendant must be in writing, and that the common-law record must explicitly recite a waiver of his right to counsel.

As to the first contention, we are aware of no requirement that a waiver of counsel must be in writing. In *People* v. *Williams*, 399 Ill. 452, relied upon by defendant, and in *People* v. *Butler*, 406 Ill. 189, judgments of conviction were set aside because the common-law records in those cases failed to indicate "that there was any explanation to

him of his right to counsel, on which to base a waiver of such right, or any inquiry made to ascertain whether he was able to employ his own counsel, and the record contains nothing from which an intendment can be drawn showing that the court complied with the statute in making such. inquiry or in appointing counsel, * * *." (406 Ill. at 192.) The record in the present case is significantly different. To hold that it is insufficient, it would be necessary to assume that the continuance allowed to enable defendant to employ counsel and the court's explanation to the defendant of his right to have counsel appointed were empty formalities, devoid of meaning. There is nothing in the record to negate the natural inference of understanding waiver, and we cannot assume, in the face of what the record shows, that the trial court either refused a request by defendant that counsel be appointed, or accepted the defendant's plea without a waiver of his right to have counsel appointed.

As to the second contention, Rule 27A of this court, adopted September 1, 1948, (Ill. Rev. Stat. 1951, chap. 110, par. 259.27A,) now requires that the "* * * inquiries of the court, and the answers of the defendant to determine whether the accused understands his rights to be represented by counsel," be made a part of the common-law record. No such requirement was in effect, however, when this case was before the trial court.

Relying upon *People* v. *Bernovich,* 403 Ill. 480, the People argue that the defendant's present claim has been adjudicated by our decision in *Greene* v. *People,* 402 Ill. 224. In that case the present defendant unsuccessfully sought to set aside his conviction by motion *coram nobis* under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 196.) Because we regard the common-. law record as sufficient, we do not find it necessary to pass upon this contention. We add, however, that examination of the record in that case, of which we take judicial notice,

238

discloses nothing to controvert the conclusion which we have reached as to defendant's waiver of his right to counsel.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAILY took no part in the consideration or decision of this case.